GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lglancy@glancylaw.com
Email: mgodino@glancylaw.com
Email: dmanning@glancylaw.com

GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARY QUACKENBUSH, GHERI SUELEN, ANNE PELLETTIERI, MARISSA FEENEY and CARYN PRASSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., a California corporation, and HONDA MOTOR COMPANY, LTD, a foreign corporation,<br><br>Defendants. | Case No. 3:20-cv-05599-JCS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>**(1)** Violations of California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*);<br>**(2)** Violations of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et. seq.*);<br>**(3)** Breach of Implied Warranty Pursuant to California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1792 and 1791.1, *et seq.*) and Cal. Comm. Code § 2314;<br>**(4)** Violations of Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*);<br>**(5)** Breach of Implied Warranty (810 Ill. Comp. Stat. § 5/2-314);<br>**(6)** Violations of Virginia's Consumer Protection Act (VA Code. Ann. Section 59.1-196);<br>**(7)** Breach of Implied Warranty (Va. Code Ann. § 8.2-314); and<br>**(8)** Fraudulent Omission.<br><br>**DEMAND FOR JURY TRIAL** |

## I.     **INTRODUCTION**

1.      Plaintiffs Mary Quackenbush, Gheri Suelen, Anne Pellettieri, Marissa Feeney and Caryn Prasse ("Plaintiffs") bring this action individually and on behalf of all similarly situated persons in the United States ("Class Members") who purchased or leased any 2012-2016 Honda CR-V vehicle, 2012-2016 Honda Accord vehicle or 2012-2015 Honda Crosstour vehicle (collectively, the "Class Vehicles") that were designed, manufactured, distributed, marketed, sold, and leased by Defendants American Honda Motor Company, Inc. and Honda Motor Company, Ltd. ("Defendants" or "Honda").  Plaintiffs allege as follows upon personal knowledge as to themselves and their experience, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.      Beginning in 2011, if not before, Defendants knew that the Class Vehicles contain one or more defects in their Variable Timing Control ("VTC") Actuator that can cause internal engine damage, including, *inter alia*, the stretching of the vehicle's timing chain, and can lead to catastrophic engine failure ("VTC Defect").  The VTC Defect often causes Class Vehicles to emit a grinding and/or rattling noise at start-up.  Quite astoundingly, Honda has expressly acknowledged in multiple Technical Service Bulletins ("TSBs") that the Class Vehicles' VTC Actuators are defective, but, in an egregious violation of its duties under the law, has continued to use the defective component.

3.      The VTC Defect presents an extreme and unreasonable safety hazard to drivers, passengers and pedestrians because it can cause the Class Vehicles' engines to fail, which, in turn, can lead to accidents and/or the stranding of the Class Vehicles in unsafe locations.

4.      One vehicle owner complained to the National Highway Traffic Safety Administration ("NHTSA") as follows:[1]

---

[1] Spelling and grammatical errors in consumer complaints reproduced herein remain as found in the original.

<u>NHTSA ID No. 11281898 (November 18, 2019)</u>: VEHICLE MADE GRINDING NOISE UPON START-UP OVER SEVERAL MONTHS. HONDA CLAIMED IT IS NOT DAMAGING THE ENGINE AND THERE IS NO FIX. ENGINE CONTINUED TO GRIND AND MY CAR BEGAN HAVING OIL PROBLEMS. HONDA STILL SAID THERE WAS NO ISSUE AND THEY WERE NOT RELATED. CAR CONTINUED GRINDING UNTIL THIS WEEK WHEN ALL LIGHTS ON THE DASHBOARD LIT UP. I TOOK MY HONDA AND WAS TOLD THE TIMING CHAIN IS STRETCHED AND IT NEEDS ANOTHER VTC ACTUATOR REPLACEMENT (THIS WAS FIXED UNDER WARRANTY THREE YEARS AGO). THE CAR COULD HAVE STALLED WHILE DRIVING. THIS IS A KNOWN ISSUE THAT HONDA IS REFUSING TO ACKNOWLEDGE OR RECALL IN HONDA CR-V'S. THEY CHARGED ME $1800 TO FIX AN ISSUE KNOWN TO THEM. THIS COULD HAVE RESULTED IN BODILY INJURY TO MYSELF OR OTHERS IF THE CAR HAD STALLED WHILE DRIVING. HONDA SHOULD TAKE RESPONSIBILITY FOR THEIR FAULTY ENGINES. THERE ARE MULTIPLE COMPLAINTS ON THIS SAME ISSUE.

5.      The following discussion was recorded on a Honda forum:

2013 Honda CRV Owner:
I too continue with the VTC Actuator struggle.  I performed the VTC replacement procedure, and even replaced the timing chain + guides while I was at it.  The VTC Actuator grinding stresses the chain.  When I removed the old chain, it was an entire link longer than the new.  Anyways, I replaced everything with the updated 14310-R5A-305 part at 104,598 miles in October 2017.  Now in Jan 2019 with 125k miles it is grinding again on cold start-up…

Response:
I had the same thing had mine replaced plus timing chain and same issue as you with the extra link.  My mechanic got it fixed and for about 40k Miles it was fine but now the grinding has started again every time I crank the car and it sounds louder than the first time…

https://www.crvownersclub.com/threads/vtc-actuator-recall.165378/

6.      The following complaints were posted on the website carcomplaints.com relative to the 2014 CR-V:
#103
CRV was rattling for about a week. Started only in the morning in the cold and progressively got worse. We were supposed to take the car in to the mechanic the next day but as my wife was driving on the highway the car completely shut off. We had it towed to the mechanic and he said it's engine failure and had no oil. We had no oil light come on and we get routine oil changes. Called Honda to see if there was a recall and they said no and offered no help. Now I'm stuck with a worthless 5 yr old car that I still owe money on. There are so

2

many complaints about this why hasn't a recall been issued" why is nobody investigating this???"

#118

Vehicle made grinding noise upon start-up over several months. Honda claimed it is not damaging the engine and there is no fix. Engine continued to grind and my car began having oil problems. Honda still said there was no issue and they were not related. Car continued grinding until this week when all lights on the dashboard lit up. I took my Honda and was told the timing chain is stretched and it needs another vtc actuator replacement (this was fixed under warranty three years ago). The car could have stalled while driving. This is a known issue that Honda is refusing to acknowledge or recall in Honda CR-V's. they charged me $1800 to fix an issue known to them. This could have resulted in bodily injury to myself or others if the car had stalled while driving. Honda should take responsibility for their faulty engines. There are multiple complaints on this same issue.

https://www.carcomplaints.com/Honda/CR-V/2014/engine/engine.shtml

7.      The following complaints were posted on Edmunds.com related to the CR-V:

**Mark Weiss (November 1, 2015):** My 2012 CRV developed a very common widespread problem in Honda 4 cylinder engines, at about 49000 miles. A defective vtc actuator which causes a loud grinding noise at start. This is clearly something that should be covered by Honda's 5 year 60k power train warranty. Honda claims they having been researching how to repair it for four years without success. Meanwhile my vehicle is worthless in trade. just google crv makes noise at start

**J. Hamby (September 4, 2015):**  Beware! I have a 2013 CR-V that has been making a terrible grinding noise since about 6 months after purchase. Honda Service has diagnosed it as the VTC Actuator. Noise has become much worse over time and this noise occurs almost every time I start my vehicle. Very annoying!! I've been told Honda Motors Tech Division has been working on coming up with a fix but there is NO FIX at this time. I was basically told by the Honda Service Dept to drive it till it breaks. Not what I wanted to hear. This problem has been occurring in various Honda vehicles since model year 2008 and they still don't have a fix. Why? Why keep producing something with the same problems?? Honda won't even attempt to replace the part to see if it will remedy the problem, because they say the new part won't fix it. If you can't fix it, then you need to replace the car!

**BC (December 20, 2019):** Like so many other owners, the VTC actuator failed. Started by making the horrible grinding noise only on cold days, but over time it was happening every time I started the car. I had two dealerships try to convince me that it was only a noise issue (likely a lie Honda tells their dealers to say so they don't have to cover it). I had it replaced anyways and they found that my timing chain had stretched. Great way to spend $1400. Now I have an AWD issue that again is a solenoid problem. The idea that Honda's are reliable is a perpetuated myth (CR list has them ranked 12th). One dealership told me

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 3:20-cv-05599-JCS

this was a bad engine design, probably one of Honda's worst. I'd stay away from this model year and just keep in mind that when you buy a Honda you're buying a middle of the road vehicle in terms of reliability. On the plus side the interior is nice and the ride is smooth (as long as you get the transmission shudder fixed).

**ckholmvik@gmail.com (November 1, 2015):** I bought my Honda CRV in mid-2013. By the time the car was 1 year old, with 10,000 miles, there was a grinding noise when I would start the car. The grinding noise lasts about 2 seconds. It has been into a Honda dealership several times. I was told Honda is working on a "fix" and that the problem would be addressed when the engineering department had the issue figured out. One year later (but still under warranty), the grinding noise is louder and longer than before, and happens almost every time I start the car. Upon doing some research, I learned that Honda has been installing the defective VTC actuator since 2008, in Accords. The defective actuator was also installed in 2012-2014 CRV's. It appears that Honda continued to use the defective actuator since 2008, yet customers are being told that a "fix" is in the works, 7 years later. American Honda has advised Honda service departments to not replace the actuator as it is likely that the replacement actuator will present the same grinding noise. A regional case manager also assured me that a "fix" was in the works but did not comment when I pointed out that Honda continued to use a defective part from 2008-2014. Honda repeatedly emphasizes that this is not a safety or performance issue, to which I have replied that is likely the reason it has been 7 years with no fix -- it is a low priority and Honda chooses to direct its engineering resources elsewhere. Dealerships will not do anything as American Honda will not allow replacements to be made. This is my last Honda. Their way of doing business is horrendous. What I have now is a vehicle that definitely attracts attention (but not in a good way) when it is started as everyone in the vicinity gets to enjoy the grinding sound of metal-on-metal.

8.      Plaintiffs are informed and believe, and based thereon allege, that Defendants knew the Class Vehicles were defective and not fit for their intended purpose of providing consumers with safe and reliable transportation at the time of the sale and thereafter. Defendants have actively concealed the true nature and extent of the VTC Defect from Plaintiffs and the other Class Members, and failed to disclose it to them, at the time of purchase or lease and thereafter.  Had Plaintiffs and prospective Class Members known about the VTC Defect, they would not have purchased the Class Vehicles or would have paid less for them.

9.      Plaintiffs are informed and believe, and based thereon allege, that despite notice of the VTC Defect from, among other things, pre-production testing, numerous consumer complaints, warranty data, and dealership repair orders, Defendants have not

recalled the Class Vehicles to repair the Defect, have not offered its customers a suitable repair or replacement free of charge, and have not offered to reimburse all Class Vehicle owners and leaseholders the costs they have incurred relating to diagnosing and repairing the VTC Defect.

10.     Honda knew of and concealed the VTC Defect that is contained in every Class Vehicle, along with the attendant dangerous safety problems and associated repair costs, from Plaintiffs and the other Class Members both at the time of sale and repair and thereafter.  As a result of their reliance on Defendants' omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles have suffered ascertainable loss of money, property, and/or loss in value of their Class Vehicle.

## II.     PARTIES

### A.     Plaintiffs

#### 1.     Mary Quackenbush

11.     Plaintiff Mary Quackenbush is a California citizen who lives in Santa Maria, California.  Ms. Quackenbush purchased a new 2012 Honda CR-V from Barber Honda in Bakersfield, California, in or about February of 2012.  Prior to purchase, Ms. Quackenbush spoke with the dealer sales representative about the vehicle, inspected the "Monroney" sticker posted on the side of the vehicle and test drove the vehicle.  Ms. Quackenbush was never informed by the dealer sales representative that her vehicle suffered from the VTC Defect and relied upon this fact in purchasing her vehicle.  Had Ms. Quackenbush been informed that her vehicle suffered from the VTC Defect, she would not have purchased it.  Ms. Quackenbush purchased her vehicle for personal, family or household purposes.  Ms. Quackenbush's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

12.     In or around the beginning of 2020, Ms. Quackenbush's vehicle exhibited the tell-tale symptom of VTC Defect: a loud rattling noise on start-up, particularly in cold weather. Ms. Quackenbush described the problem to Honda of Santa Maria and was informed that the condition was the result of a failing VTC Actuator.  On or about March 6, 2020, at the

recommendation of Honda of Santa Maria, Ms. Quackenbush paid $788.23 out-of-pocket to have her vehicle's VTC Actuator and related components replaced.

13.     At all times, Ms. Quackenbush has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**2.     Plaintiff Gheri Suelen**

14.     Plaintiff Gheri Suelen is a California citizen who lives in Richmond, California.  Ms. Suelen purchased a new 2015 Honda CR-V from Berkeley Honda Autocenter in Berkeley, California, in or about August 2015.  Prior to purchase, Ms. Suelen spoke with the dealer sales representative about the vehicle, inspected the "Monroney" sticker posted on the side of the vehicle and test drove the vehicle.  Ms. Suelen was never informed by the dealer sales representative that her vehicle suffered from the VTC Defect and relied upon this fact in purchasing her vehicle.  Had Ms. Suelen been informed that her vehicle suffered from the VTC Defect, she would not have purchased it.  Ms. Suelen purchased her vehicle for personal, family or household purposes.  Ms. Suelen's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda

15.     Ms. Suelen's vehicle also exhibits the tell-tale symptom of VTC Defect: a loud rattling noise on start-up, particularly in cold weather.  This sound is a symptom of the VTC Defect which will ultimately result in damage to internal engine components of Ms. Suelen's vehicle.  Ms. Suelen has regularly taken her vehicle to Berkeley Honda Autocenter for routine maintenance and upkeep but the service representatives at the dealership have never informed Ms. Suelen of the VTC Defect or attempted to remedy the Defect.  On information and belief, this is because Honda has a practice and policy of denying and concealing the VTC Defect to limit its exposure.  To this day, Ms. Suelen's vehicle continues to experience the VTC Defect.

16.     At all times, Ms. Suelen has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**3.     Anne Pellettieri**

17.     Plaintiff Anne Pellettieri is an Illinois citizen who lives in Wheeling, Illinois.

Ms. Pellettieri purchased a new 2014 Honda CR-V from Honda on Grand in Elmhurst, Illinois in about August 2014.  Prior to purchase, Ms. Pellettieri researched the 2014 CR-V on the Internet, including on Honda's website.  Prior to purchase, Ms. Pellettieri also spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle and test drove an example 2014 CR-V vehicle.  Ms. Pellettieri was never informed by the dealer sales representative that her vehicle suffered from the VTC Defect and relied upon this fact in purchasing her vehicle.  Had Ms. Pellettieri been informed that her vehicle suffered from the VTC Defect, she would not have purchased it.  Ms. Pellettieri purchased her vehicle for personal, family or household purposes.  Ms. Pelletieri's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

18.     At some point approximately three to four years after purchasing her vehicle, Ms. Pellettieri began to experience the VTC Defect and continues to experience it to this day. When Ms. Pellettieri starts her vehicle the engine emits a loud rattling noise for about 2-3 seconds for no apparent reason.  This noise occurs regardless of the outside temperature and is loud enough to be heard inside her home when the vehicle was parked on the driveway.

19.     Ms. Pelletieri's father, acting on Ms. Pelletieri's behalf, called the service departments of approximately three to four Honda dealers and explained the issues that Ms. Pellettieri was experiencing.  Mr. Pellettieri was told that the issue is the VTC Actuator but that replacement would not resolve the problem.

20.     In about July 2020 Mr. Pellettieri read online that it might be possible to have the issue resolved for free and raised the issue with a local Honda dealer, but was told to contact Honda directly.  Mr. Pellettieri opened a case with Honda and was told the problem would not be covered.  Mr. Pellettieri opened a second case with Honda in about October 2020 and again inquired as to whether a repair could be performed free of charge, and was again told that the issue was not covered and that the vehicle would have to be brought to a Honda dealer and diagnosed at a cost of $160.  Lacking any faith that Honda would actually fix the problem were the vehicle serviced, and in light of the fact that Ms. Pelletieri's vehicle

7

1    was out of warranty, Ms. Pellettieri took no action.

2        21.    During his conversations with Honda's dealers and customer service

3    representatives, Mr. Pellettieri was provided with conflicting information.   On the one hand,

4    at least one dealer stated that if the issue was not fixed it could damage internal timing

5    components and lead to engine problems.   On the other hand, at least one other dealer and

6    one of Honda's customer service representatives claimed that the problem was just a noise

7    and not to worry about it.

8        22.    At all times, Ms. Pellettieri has driven her vehicle in a foreseeable manner and

9    in the manner in which it was intended to be used.

10       **4.    <u>Marissa Feeney</u>**

11       23.    Plaintiff Marissa Feeney is an Illinois citizen who lives in Vandalia,

12   Illinois.   Ms. Feeney and her mother purchased a used 2014 Honda CR-V from Serra Honda

13   O'Fallon, in O'Fallon, Illinois (formerly Meyer Honda) in or about October of 2019.   Prior

14   to purchase, the Feeneys spoke with the dealer sales representative about the vehicle,

15   inspected the sticker posted on the side of the vehicle, and test drove the vehicle.   The Feeneys

16   were never informed by the dealer sales representative that the vehicle suffered from the VTC

17   Defect and relied upon this fact in purchasing the vehicle.   Had the Feeneys been informed

18   that the vehicle suffered from the VTC Defect, they would not have purchased it.   The vehicle

19   was purchased for Ms. Feeney's personal, family, or household purposes.   Ms. Feeney's

20   vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted

21   by Honda.

22       24.    Within a few months of purchasing her vehicle, Ms. Feeney's vehicle began

23   to experience the VTC Defect, emitting a loud grinding noise on initial start-up in cold

24   weather for no apparent reason.   Over time the problem worsened and occurred on initial

25   start-up in all weather.   In addition, the vehicle began to feel sluggish when she drove it.   On

26   or about September 8, 2020, Ms. Feeney took her vehicle to Serra Honda O'Fallon and

27   complained of the problems she was experiencing.   A Honda technician at the dealership

28

"Googled" the problem and found a video of another Honda vehicle making the same rattling noise.   Ms. Feeney confirmed that the noise in the video was the same one her vehicle had been exhibiting.   The Honda technician admitted that Honda knows about the VTC Defect, but that there was no recall to address it and that she would need to pay out-of-pocket to replace her VTC Actuator.   The technician advised Ms. Feeney to contact Honda corporate directly.

26.      Following this visit to the Honda dealership, Ms. Feeney and her husband called and left a message with Honda's corporate offices, but to this day their call has not been returned.   The same day, Ms. Feeney authorized Serra Honda O'Fallon to replace the VTC Actuator and subsequently paid $674.27 out-of-pocket for the repair.   On information and belief, the replacement actuator suffers from the same defect.

26.      At all times, Ms. Feeney has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**5.      Caryn Prasse**

27.      Plaintiff Caryn Prasse is a Virginia citizen who lives in Fredericksburg, Virginia.  Ms. Prasse purchased a used 2014 Honda CR-V from Brown's Manassas Hyundai in Manassas, Virginia ("Manassas Hyundai"), in or about July of 2019.   Prior to purchase, Ms. Prasse extensively researched the CR-V and its specifications (i.e., features, engine, powertrain) on the Internet including on Honda's website.  Ms. Prasse also went to multiple Honda dealerships including Pohanka Honda in Fredericksburg Virginia, where she test drove several example 2014 CR-V vehicles and spoke with a salesperson by the name of Perlita Roberts about them.  Prior to purchasing her vehicle, Ms. Prasse also spoke with the Manassas Hyundai dealer sales representative about the vehicle, inspected the sticker posted on the side of the vehicle and test drove the vehicle.  Ms. Prasse was never informed by any of the Honda sales representatives that she spoke with, by Manassas Hyundai, or by the Honda website that her vehicle suffered from the VTC Defect and relied upon this fact in purchasing her vehicle.  Had Ms. Prasse been informed that her vehicle suffered from the VTC Defect, she would not

FIRST AMENDED CLASS ACTION COMPLAINT                Case No. 3:20-cv-05599-JCS

have purchased it.  Ms. Prasse purchased her vehicle for personal, family or household purposes.  Ms. Prasse's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

28.     Toward the end of 2019, Ms. Prasse's vehicle began to experience the VTC Defect, it frequently emitted a loud rattling noise for several seconds when she started it for no apparent reason.  In or about January of 2020, Ms. Prasse took her vehicle into Pohonka Honda and complained of the problems she was experiencing.  At the service representative's recommendation Ms. Prasse paid $922.55 out-of-pocket to have her VTC Actuator, Serpentine Belt, and Alternator Belt replaced.

29.     At all times, Ms. Prasse has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**B.**     **Defendants**

30.     Defendant, American Honda Motor Company, Inc. is a California corporation with its principal place of business located at 1919 Torrance Blvd., Torrance, CA 90501 and doing business in California and throughout the United States.

31.     Defendant Honda Motor Co., Ltd., is a Japanese corporation with its principal place of business in Tokyo, Japan and the parent company of American Honda Motor Company, Inc.

32.     Defendants are responsible for the design, manufacture, distribution, marketing, sale and lease of the Class Vehicles.

33.     Whenever, in this Complaint, reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendants.

### III.     JURISDICTION

34.     This is a class action.

FIRST AMENDED CLASS ACTION COMPLAINT            Case No. 3:20-cv-05599-JCS

35.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs.  At least one Class Member is a citizen of a State and Defendant Honda Motor Company, Ltd. is a citizen or subject of a foreign state.  At least one putative Class Member is a citizen of a different state than Defendant American Honda Motor Company, Inc.

36.     Honda, through its business of distributing, selling, and leasing the Class Vehicles, has established sufficient contacts in California such that personal jurisdiction is appropriate.  Honda is deemed to reside in this California pursuant to 28 U.S.C. § 1391.

## IV.     VENUE

37.     Venue is proper in this District because substantial part of the acts and omissions alleged herein took place in this District, as Plaintiff Gheri Suelen purchased her Class Vehicle in this District, had her Class Vehicle serviced in this District, and the Class Vehicles were and are regularly advertised, marketed, sold/leased and serviced in this District through Defendants'

network of dealers.  Plaintiffs' counsel's Declaration of Venue, to the extent required under California Civil Code section 1780(d), is attached hereto as **Exhibit 1.**

## V.     FACTUAL ALLEGATIONS

### A.     Background

38.     To understand the VTC Actuator's central role in engine performance and why the VTC Defect poses a safety hazard, it is helpful to understand how the Class Vehicles' engines function.

39.     The Class Vehicles' four stroke gasoline engine creates power by drawing air and gasoline into combustion chambers where they are compressed by the motion of a piston that is in turn connected to a crankshaft by connecting rods.  In order to allow fresh air and gasoline into the combustion chamber, spring loaded intake valves are pushed open just as each piston is starting to move down, so that the pistons suck in the air and fuel through the

open valve.  This is called the intake stroke.  Once the piston starts to rise, the intake valve closes and the air and fuel mixture is compressed to a very small volume, which creates high pressure and temperature.  This is called the compression stroke.  Around the time the piston reaches the point of maximum compression, a spark plug creates a strong spark, ignites the air and fuel, creating a small explosion that propels the piston back down.  This is called the power stroke. Finally, as the piston rises, the exhaust valve is pushed open so the burnt fuel and air can pe pushed out of the engine.  This is called the exhaust stroke.

40.     The part of the engine that opens the intake valves is called the camshaft, which is driven by the crankshaft through a chain called the timing chain.  There are timing chain sprockets on the camshaft and the crankshaft with teeth that engage with the links of the chain. It is necessary to keep the timing chain tight as the engine is running in order to make sure that the valves all open and close at exactly the right time.  This is accomplished by using durable plastic chain guides, one or more of which is pressed against the chain by use of springs and oil pressure.

41.     The VTC Actuator is the timing chain sprocket on the camshaft.  In contrast to a typical sprocket that would necessarily turn the camshaft in unison with the crankshaft, the VTC Actuator adjusts the rotational position of the camshaft relative to the timing chain, crankshaft and pistons.  It causes the camshaft (and thereby the intake valves) to "advance", or get a little bit ahead of the pistons when the engine is running faster and more power is required.  It also allows the camshaft to lag behind the pistons, or "retard" as the engine is slowing down and under little or no load.  The VTC Actuator is able to do this because it is comprised of an inner section and an outer section that move relative to one another based on oil pressure provided by the engine, enabling it to constantly adjust the rotation of the camshaft.  When the engine is turned off oil pressure rapidly drops to zero and the VTC Actuator is designed to "lock", meaning that the variable function is temporarily disabled and the VTC Actuator essentially behaves like a regular solid sprocket.  This is done because as the engine starts, it takes a few seconds to build up oil pressure in the engine so that the VTC

FIRST AMENDED CLASS ACTION COMPLAINT                Case No. 3:20-cv-05599-JCS

1   Actuator can properly function.

2   42.     As a result of the VTC Defect, the Class Vehicles' VTC Actuators routinely

3   malfunction for several seconds upon initial start-up while oil pressure is building up in the

4   engine.  This, in turn, causes the timing chain to tighten and slacken repeatedly when the

5   vehicle is turned on, with the chain impacting the teeth of the camshaft sprocket (i.e., the

6   VTC Actuator), crank sprocket, and "slapping" the polymer timing chain guides as it rattles

7   around.  On information and belief, this timing chain rattle is the sound heard by Plaintiffs

8   and Class Members.  Whenever timing chain rattle occurs, all of these components, including

9   the timing chain itself, are being subjected to impact loads for which they were not designed.

10  After repeated exposure to these impact loads, the timing chain will stretch as the links and

11  pins are worn and deformed, the polymer guides will wear, which increases the slack of the

12  timing chain and lowers the spring force of the guides against the chain.  If the timing chain

13  fails, the intake valves stop moving while the engine is turning, and the intake valves will

14  collide with the pistons, destroying the engine and bringing the car to an instant stop.  If part

15  of a timing chain guide fails, like the polymer portion separating from the steel backing frame,

16  the chain can "jump-time", which can also cause a collision of the intake valves and pistons

17  with the same instantly fatal result.  On information and belief, it is because of these serious

18  consequences that Honda dealers routinely recommend costly replacement of malfunctioning

19  VTC Actuators.

20  43.     On information and belief, the VTC Actuator in all Class Vehicles over time

21  has been the same or substantially similar and, as a result, prone to failure in the same

22  manner.  Over time from about 2007 through at least 2016, the VTC Actuator has consisted

23  of a special two-piece sprocket with inner and outer sections that move relative to each other

24  to adjust the rotational position of the camshaft.  Over time from about 2007 through at least

25  2016, the VTC Actuator has employed the same basic design that relies upon a spring

26  powered pin locking mechanism to disable the variable function when the engine is turned

27  off and oil pressure goes to zero.  Honda repeatedly acknowledged it did not have a solution

28

for the VTC Defect, but continued to employ the same basic design throughout the Class Period, and not surprisingly the Class Vehicles have continued to experience the Defect in the same way throughout the Class Period.

**B.        Honda's Pre-Sale Knowledge of the VTC Defect**

44.     Upon information and belief, Honda has sold, directly or indirectly through dealers and other retail outlets, many thousands of Class Vehicles in California and the United States.

45.     Plaintiffs are informed and believe, and based thereon allege, that Honda became aware of the VTC Defect through sources not available to Plaintiffs and Class Members, including, but not limited to: pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Honda's network of dealers and directly to Honda, aggregate warranty data compiled from Honda's network of dealers, testing conducted by Honda in response to consumer complaints, and repair order and parts data received by Honda from Honda's network of dealers.

46.     During the pre-release process of designing, manufacturing, engineering, and testing the Class Vehicles which would necessarily have taken place prior to 2012, Honda, directly and/or through its agents or affiliated companies in the supply chain, necessarily would have gained comprehensive and exclusive knowledge about the Class Vehicles' VTC Actuator, including, but not limited to: performance under various operating conditions; the basic engineering principles behind the VTC Actuator design; the forces and stresses the VTC Actuator would face; when and how the VTC Actuator would experience performance problems or fail; and, the cumulative and specific impacts on the VTC Actuator caused by wear and use, the passage of time, driver habits, environmental factors, etc.

47.     An adequate pre-release analysis of the design, manufacturing, engineering and testing of the VTC Actuator used for the Class Vehicles would have revealed to Honda that the Class Vehicles' VTC Actuator does not operate properly and is not fit for its intended

use. Thus, during the pre-release design stage of the Class Vehicles, Honda would have known that the VTC Actuator in the Class Vehicles was defective and would pose a safety risk to owners/lessees and the motoring public.

48.     Upon information and belief, Honda also would have known about the VTC Defect because of the higher than expected number of warranty repairs attempted and replacement components ordered from Honda, which should have alerted Honda that the VTC Actuator was defective.  Upon information and belief, Honda service centers use Honda replacement parts that they order directly from Honda, and all warranty repair attempts are logged into a centralized database to which Honda has access.  Therefore, Honda would have detailed and accurate data regarding the number and frequency of replacement part orders and warranty repair attempts.  The ongoing high number of warranty repair attempts and sales of replacement parts was known to Honda and would have alerted Honda that its VTC Actuator was defective and posed a safety risk early on.

49.     Upon information and belief, Honda also knew about the VTC Defect because of numerous consumer complaints regarding grinding and/or rattling noises as well as the Class Vehicles stalling and or losing power that were made directly to Honda.  The large number of complaints, and the consistency of their descriptions of the grinding and/or rattling noises, alerted Honda to this serious Defect affecting the Class Vehicles.  The full universe of complaints made directly to Honda about the VTC Defect is information presently in the exclusive possession, custody and control of Honda and is not yet available to Plaintiff prior to discovery.  However, upon information and belief, many Class Vehicle owners complained directly to Honda and Honda dealerships and service centers about the repeated VTC Actuator problems their vehicles experienced.

50.     A chain of TSBs quietly issued by Honda to its dealers evidences its early knowledge of the VTC Defect as well as the continuing nature of the problem.

51.     On October 21, 2011, Honda issued TSB10041669-7570 titled "Engine Rattles at Cold Start-Up" applicable to 2008-2009 Honda Accord vehicles.  This TSB states, in pertinent part:

> **SYMPTOM**
> At cold start-up the engine rattles loudly for 2 seconds.
>
> **PROBABLE CAUSE**
> The variable valve timing control (VTC) actuator is defective.
>
> **CORRECTIVE ACTION**
> Use the repair procedure in this service bulletin to replace the VTC Actuator…

This TSB identifies the VTC Actuator as part number 14310-R44-A01.  A copy of this TSB is attached hereto as **Exhibit 2**.

52.     The following year, Honda issued a second service bulletin further evidencing its knowledge of the VTC Defect.  This service bulletin titled "Engine Rattles at Cold Star-Up" is applicable to certain 2008 through 2012 Accord and 2007 through 2012 CR-V vehicles and states:

> **SYMPTOM**
> At cold start-up the engine rattles loudly for 2 seconds.
>
> **PROBABLE CAUSE**
> The variable valve timing control (VTC) actuator is defective.
>
> **CORRECTIVE ACTION**
> Replace the VTC Actuator…

This TSB identifies the VTC Actuator for the 2008-2012 Accord and the 2012 CR-V as part number 14310-R44-A01.  A copy of this TSB is attached hereto as **Exhibit 3**.

53.     In or about November 2015 Honda released ServiceNews Article A15110E Version 1 titled "Engine Rattle at Cold Start in Cold Weather" applicable to 2008-2012 Honda Accord vehicles, 2012-2015 Honda Crosstour vehicles and 2012-2014 Honda CR-V vehicles.  This document that if the engine rattles at cold startup for 1 to 2 seconds when it's cold outside "Chances are the VTC Actuator is the culprit."  This document goes on to caution, however, that "simply replacing the VTC Actuator using current parts stock **won't**

work" and that it is expected counter measured parts will be available the next year.  *Id*. (emphasis in original).  A copy of this document is attached hereto as **Exhibit 4**.

54.     In or about February 13, 2016, Honda issued TSB 16-012 titled "Engine Rattles at Cold Start-Up" applicable to 2013-2014 Honda CR-V vehicles and 2013-2015 Honda Crosstour vehicles.  This Service Bulletin states, in pertinent part:

> **SYMPTOM**
> At cold start-up the engine rattles loudly for about 2 seconds.  This may be intermittent and occurs when the outside temperature is below 40 F.
>
> **PROBABLE CAUSES**
> The variable valve timing control (VTC) actuator is defective.
>
> **CORRECTIVE ACTION**
> Replace the VTC Actuator.  This procedure does not require the complete removal of the cam chain and associated parts, so repair time is much shorter.

This TSB identifies the "Failed Part Number" as 14310-R44-A01.  A copy of this TSB is attached hereto as **Exhibit 5**.

55.     On or about January 2018 Honda released ServiceNews Article A1810F Version 1 titled "Engine Rattles at Startup" applicable to 2013-2016 Honda Accord vehicles and 2015-2016 Honda CR-V vehicles.  This article advises that if the engine rattles at startup for about 1 to 3 seconds "What's happening is the lock pin inside the VTC Actuator isn't holding the actuator properly.  This lets the vane turn within the housing, causing a short rattle at startup."  Like Honda's previous Service News Article, this article cautions there are no countermeasures "so **do not** replace the VTC Actuator at this time.  It's very unlikely that doing so will fix this concern."  *Id*. (emphasis in original).  A copy of this document is attached hereto as **Exhibit 6**.

56.     On information and belief, all Class Vehicles suffer from the same Defect which is evidenced by the above history as well as the consumer complaints, and which has persisted through the class period because Honda reused the same or substantially similar VTC Actuator part though it knew it was defective and would fail.  Notwithstanding its

knowledge of the VTC Defect, Honda has actively concealed the Defect from the public at large and failed to provide a remedy for the Defect to date.

**C.      Example Consumer Complaints**

57.      Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the VTC Defect.

58.      The following example complaints filed by consumers with the NHTSA and posted on the Internet, which on information and belief Honda actively monitored during the relevant period, demonstrate that the VTC Defect is widespread and dangerous:

- **NHTSA ID No. 11281898 (November 18, 2019):** VEHICLE MADE GRINDING NOISE UPON START-UP OVER SEVERAL MONTHS. HONDA CLAIMED IT IS NOT DAMAGING THE ENGINE AND THERE IS NO FIX. ENGINE CONTINUED TO GRIND AND MY CAR BEGAN HAVING OIL PROBLEMS. HONDA STILL SAID THERE WAS NO ISSUE AND THEY WERE NOT RELATED. CAR CONTINUED GRINDING UNTIL THIS WEEK WHEN ALL LIGHTS ON THE DASHBOARD LIT UP. I TOOK MY HONDA AND WAS TOLD THE TIMING CHAIN IS STRETCHED AND IT NEEDS ANOTHER VTC ACTUATOR REPLACEMENT (THIS WAS FIXED UNDER WARRANTY THREE YEARS AGO). THE CAR COULD HAVE STALLED WHILE DRIVING. THIS IS A KNOWN ISSUE THAT HONDA IS REFUSING TO ACKNOWLEDGE OR RECALL IN HONDA CR-V'S. THEY CHARGED ME $1800 TO FIX AN ISSUE KNOWN TO THEM. THIS COULD HAVE RESULTED IN BODILY INJURY TO MYSELF OR OTHERS IF THE CAR HAD STALLED WHILE DRIVING. HONDA SHOULD TAKE RESPONSIBILITY FOR THEIR FAULTY ENGINES. THERE ARE MULTIPLE COMPLAINTS ON THIS SAME ISSUE.

- **NHTSA ID No. 10564788 (July 8, 2013):** TL- THE CONTACT OWNS A 2012 HONDA CR-V. THE CONTACT STATED THAT WHILE STARTING THE VEHICLE AFTER BEING IDLE FOR AN EXTENDED TIME, THE CONTACT HEARD A RATTLING NOISE FROM THE ENGINE. THE VEHICLE WAS TAKEN FOR DIAGNOSIS WHERE THE CONTACT WAS ADVISED THAT THE VTC ACTUATOR WOULD NEED TO BE REPLACED. THE VEHICLE WAS REPAIRED HOWEVER, THE FAILURE RECURRED. THE VEHICLE WAS TAKEN BACK TO THE DEALER SEVERAL TIMES. THE DEALER WAS UNABLE TO DUPLICATE THE FAILURE BUT DID STATE THAT THE VEHICLE WAS CONSUMING MORE THAN 2.5 QUARTS OF ENGINE OIL WITHIN A 15 DAY SPAN. THE MANUFACTURE WAS CONTACTED AND STATED THAT THEY WOULD FURTHER INVESTIGATE THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 20,000. THE CURRENT MILEAGE WAS 26,492. KMJ

- **NHTSA ID No. 10731929 (July 5 ,2015):** LOUD METALLIC RATTLE NOISE ON COLD START-UP. HONDA DEALER FOUND HONDA SERVICE BULLETIN 09-010 ISSUED, BUT NO FIX FOR THIS PROBLEM HAS BEEN ISSUED TO DATE.

- **NHTSA ID No. 10748059 (August 12, 2015):** TL* THE CONTACT OWNS A 2012 HONDA CR-V. WHEN THE VEHICLE WAS STARTED, A LOUD GRINDING SOUND EMITTED FROM THE FRONT OF THE VEHICLE. THE FAILURE RECURRED EACH TIME THE VEHICLE WAS STARTED IF IT HAD BEEN PARKED FOR OVER FOUR HOURS. THE VEHICLE WAS TAKEN TO THE DEALER. THE TECHNICIAN STATED THAT THEY WERE AWARE OF THE FAILURE AND THE CONTACT WOULD BE PLACED ON A WAITING LIST. THE CONTACT STATED THAT THE VTC ACTUATOR WAS FAULTY AND NEEDED TO BE REPLACED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 43,000.

- **NHTSA ID No. 10758990 (August 24, 2015):** COLD START OF ENGINE CAUSES LOUD GRINDING NOISE ONLY 2 AND A HALF YEARS OF OWNERSHIP 50,000 MILES
LOOKING ONLINE IT IS NOT A UNIQUE PROBLEM AND IS AN ENGINE DESIGN FLAW. HONDA ONLY SAYS IT'S WORKING ON THE PROBLEM BUT DOESN'T HAVE A FIX YET. THEY SAY THE OFFICIAL PROBLEM IS THAT THE VTEC ACTUATOR IS DEFECTIVE.
GIVEN THE NUMBER OF POSTS ASKING ABOUT THIS PROBLEM I WOULD ASSUME THE COMPANY WOULD WORK ON IT ESPECIALLY IF IT IS A PROBLEM WITH THE ENGINE.

- **NHTSA ID No. 10764021 (September 15, 2015):** LOUD NOISE ON START-UP ALL THE TIME (DOESN'T MATTER IF COLD OR HOT). TOOK TO DEALER, PEORIA, IL - 12/30/2014 SUSPECTED VTC ACTUATOR. DEALER SAID COULD NOT DUPLICATE, AFTER I EVEN RECORDED THE NOISE. BROUGHT BACK IN APRIL 2015, INSISTED THEY LISTEN WHILE I WAS THERE. DIAGNOSED VTC ACTUATOR. SAID HONDA HAD A TECH BULLETIN, SAID THEY KNOW ABOUT THE PROBLEM BUT WILL NOT ALLOW DEALER TO FIX IT. TOLD TO CHECK BACK AGAIN SOON. I CHECKED BACK OVER SEVERAL MONTHS. SAME ANSWER. THERE IS NO FIX, HONDA KNOWS ABOUT THE PROBLEM. HOW CAN A MANUFACTURER KNOW THERE IS A PROBLEM, AND SAY THEY CAN'T FIX IT. I CAN'T RESALE THE VEHICLE WITH THIS NOISE. THE NOISE IS VERY LOUD AND EMBARRASSING ON EVERY START UP. DEALER REFUSES TO FIX OR PROVIDE ANY SOLUTION. THIS SEEMS TO BE A PROBLEM WITH DIFFERENT HONDA VEHICLES, AND CONSUMERS CAN'T GET THE PROBLEM FIXED.

- **NHTSA ID No. 10773718 (June 10, 2015):** PURCHASED A HONDA CRV 2012 FROM A DEALERSHIP BUT THEY BROUGHT THE CAR TO ME FOR A TEST DRIVE WHICH RESULTED IN MY NOT HEARING THE GRINDING NOISE ON

19

STARTUP. THE ENGINE MAKES A GRINDING SOUND EVERY TIME YOU START IT (COLD STARTS...WHEN I START IT IN THE MORNING IT MAKES THE SOUND AND IF I START IT WITHIN 15-20 MINUTES AFTER THE INITIAL START IT IS MUCH MILDER OF A NOISE.) THE HONDA MECHANIC SAID THEY COULD NOT FIX IT (STILL UNDER WARRANTY AT THE TIME) BECAUSE HONDA HAS NOT DONE A "SOFTWARE UPDATE." I NOW SEE, AFTER RESEARCHING THE ISSUE, THAT THIS IS AN ONGOING PROBLEM WITH HONDA CRV'S THAT HAS NOT BEEN RECTIFIED.

- **NHTSA ID No. 10780695 (October 7, 2015):** ENGINE MAKES RATTLING OR GRINDING NOISE ON STARTUP, USUALLY IN THE MORNING OR WHEN THE CAR HAS SET FOR AT LEAST 6 TO 8 HOURS.

- **NHTSA ID No. 10781661 August 13, 2013):** HONDA CRV 2012 WHEN STARTING THE CARE IN THE MORNING, ENGINE MAKES A RATTLING NOISE AFTER IT STARTS. THIS HAS BEEN HAPPENING FOR THE PAST YEAR OR SO, ON A DAILY BASIS. OF LATE, IT HAPPENS IN THE EVENING AS WELL. I.E) WHENEVER THE CAR HAS NOT BEEN RUNNING FOR A COUPLE OF HOURS.
  THE HONDA DEALERSHIP IS SAYING THAT THERE IS NO BULLETIN FROM AMERICAN HONDA COMPANY ON THIS, IN ORDER TO FIX THE ISSUE. AND THAT THIS IS NOT CAUSING ANY DAMAGE TO THE ENGINE. HOWEVER, I SEE A SERVICE BULLETIN ISSUED IN OCTOBER 2012 SPECIFICALLY FOR THIS, AND IT IS STORED ON THE NHTSA.DOT.GOV WEBSITE.

- **NHTSA ID No. 10785104 (October 21, 2015):** WHEN I "COLD" START MY CAR (MORNINGS, AFTER 6 HOURS OF NONUSE) THERE IS A LOUD GRINDING/SCREECHING NOISE THAT LASTS A FEW SECONDS (HTTPS://WWW.YOUTUBE.COM/WATCH?V=V3Z00LN1DD8). THE SCHAUMBURG (IL) DEALERSHIP SAYS HONDA IS AWARE OF THIS PROBLEM AND HAS NOT PROVIDED A SOLUTION TO THEM YET. I CONTACTED THEM ON MARCH 13, 2015, REGARDING THIS. THEY PROVIDED THE SAME ANSWER TODAY...WHILE THE PROBLEM/NOISE PERSISTS. I AM HOPING THIS COMPLAINT WILL HELP FORCE HONDA DEVELOP A (VTC ACTUATOR?) SOLUTION AND PROVIDE IT TO HONDA DRIVERS.

- **NHTSA ID No. 10807199 (November 27, 2015):** STARTING CAR SOUND IS A GRINDING SOUND. TENDS TO HAPPEN IN THE MORNING WHEN I FIRST START IT UP FOR THE DAY. I THINK HONDA SHOULD REPLACE THE CAM ACTUATOR GEAR ASSEMBLY. WHAT ELSE IS GETTING RUINED ON MY CAR WHEN NO ACTION HAS BEEN TAKEN PLACE BY HONDA?

- **NHTSA ID No. 10816344 (December 27, 2015):** GRINDING/RATTLING ENGINE NOISE ON FIRST START-UP ONLY. APPEARS TO BE THE VTC ACTUATOR

20

PROBLEM. HAPPENS ONLY IN COLD WEATHER. ALMOST BOUGHT A TOYOTA RAV4 INSTEAD. MAYBE I SHOULD HAVE BOUGHT THE TOYOTA?

- **NHTSA ID No. 10822136 (November 5, 2015):** GRINDING NOISE OCCURS ON 1ST START UP WHEN CAR IS COLD AND OCCASIONALLY DURING THE DAY. WE TOOK IT TO HONDA DEALERSHIP ON 11/5/2015 AND THEY SAY IT IS THE VTC ACTUATOR AND NO REPAIRS WILL BE DONE AT THIS TIME. WE TOOK IT TO PASADENA HONDA ON 1/25/16 AND THE SERVICE MANAGER SAID THEY HONDA WOULD EMAIL US WHEN THEY HAD A FIX. I CALLED HONDA CUSTOMER SERVICE AND FILED A COMPLAINT. THEY SAID HONDA WAS WORKING ON A SECOND SOLUTION.THE NOISE CONTINUES TO WORSEN. THEY SAID IT WASN'T A SAFETY ISSUE OR WOULDN'T HURT THE ENGINE(?)

- **NHTSA ID No. 10875675 (June 21, 2016):** A GRINDING NOISE OCCURS UPON STARTING WHICH LASTS FOR A FEW SECONDS. I HAD ASKED ABOUT IT ON MORE THAN ONE OCCASION WHEN BRINGING MY CAR TO THE HONDA DEALERSHIP FOR SERVICE. A SERVICE MANAGER CAPTURED IT ON VIDEO AND SAID THERE WAS NOT ANY EFFECT TO THE VEHICLE. MY WARRANTY IS NOW EXPIRED AND I IMAGINE TRYING TO SELL THE VEHICLE IN THE FUTURE WILL BE A PROBLEM WHEN SOMEONE HEARS THAT NOISE.

- **NHTSA ID No. 1 10971932 (February 5, 2017):** 012 HONDA CR-V VTC ACTUATOR RECALL.....WHENEVER I START MY CAR I HEAR A GRINDING NOISE WHICH I HAVE BEEN TOLD IS THE VTC ACTUATOR. THE NOISE IS VERY ANNOYING IT MAKES LOUD LOUD NOISE EVERY TIME THE CAR IS STARTED.

- **NHTSA ID No. 11006517 (July 20, 2017):**THE ENGINE MAKES A RATTLING NOISE WHEN THE CAR IS TURNED ON IN COLD WEATHER, USUALLY WHEN IT IS FIRST TURNED ON IN THE MORNING. I LIVE ON THE GULF COAST, SO IT REALLY DOESN'T EVEN GET THAT COLD DOWN HERE, BUT I HAVE NOTICED THIS ON MULTIPLE "COLD" MORNINGS (TEMPERATURES MAYBE IN THE 40S). I NOTICED SEVERAL OTHER PEOPLE HAVE REPORTED THIS PROBLEM. I DON'T KNOW IF IT IS CAUSING DAMAGE TO THE CAR, BUT IT DOES NOT SOUND GOOD.

- **NHTSA ID No. 11015676 (July1 8, 2016):** ENGINE RATTLES ON COLD START. TIES TO THEIR SERVICE BULLETIN 09-010 ISSUE. THIS WAS REPORTED TO SUBURBAN HONDA NOVI 7/18/2016 WHEN CAR MILEAGE WAS 59716. CAR WAS RETURNED INDICATING THIS ISSUE COULD NOT BE REPLICATED. SERVICE BULETIN DATES BACK TO MARCH 17 2016. HOW DID SUBURBAN

HONDA NOT RECOGNIZE THIS AS THE ISSUE WHEN I FIRST REPORTED TO THEM ON 7/18/2016? TODAY 8/16/17 THIS ISSUE HAS COUMPONDED. EVERY TIME CAR IS STARTED AFTER KEPT IDLE OF MORE THAN AN HOUR THE RATTLE SOUND IS REAL LUD. LOCAL TECHNICIAN, PAUL'S AUTOMOTIVE SAID YESTERDAY, IT IS REAL IMPOARTANT IT BE LOOKED AT BY HONDA. SO TAKIN IT TO SUBURBAN HONDA TODAY 8/16/17.

- **NHTSA ID No. 11033242 (June 11, 2017):** EVERY TIME I START A CAR I HEAR A GRINDING SOUND THAT LASTS FOR 1-2 SECONDS AND THEN STOPS. THIS IS HOW IT SOUNDS LIKE: HTTPS://WWW.YOUTUBE.COM/WATCH?V=KR20BAOXBO8
THIS HAPPENS TO HONDA CR-V'S AND ACCORDS WITH 2.4L 4 CYL. ENGINES. THE ISSUES KNOWN AS "VTC ACTUATOR ASSEMBLY" - HTTPS://WWW-ODI.NHTSA.DOT.GOV/ACMS/CS/JAXRS/DOWNLOAD/DOC/UCM501009/SB-10041669-6712.PDF
THIS IS A HUGE PROBLEM FOR VEHICLES ASSEMBLED BETWEEN 2010 - 2016 AND IT SHOULD BE A RECALL TO FIX THE ISSUE. AS OF NOW HONDA IS NOT ADMITTING THAT THERE IS THE PROBLEM.

- **NHTSA ID No. 11040064 (October 26, 2017):** THE VTC IS MAKING A RATTLING NOISE ON A COLD START UP. THIS STARTED OUT OF NOWHERE AND HAS NOT GONE AWAY. MY CAR IS PARKED IN A GARAGE AT HOME AND IS PARKED OUTSIDE AT WORK BUT WILL DO THE SAME NO MATTER WHAT.

- **NHTSA ID No. 11089059 (April 20, 2018):** GRINDING NOISE UPON COLD START. THIS ISSUE STARTED AT LEAST TWO YEARS AGO. DID NOT HAPPEN ON EVERY START. ASKED DEALERSHIP WHAT IT MIGHT BE AND I WAS TOLD IT WAS NOTHING. OVER THE PAST YEAR, NOISE HAPPENS RELIGIOUSLY EVERY TIME THERE IS A COLD START. DEALERSHIP NOW SAYS IT'S THE VTC ACTUATOR AND I AM NOW PAST MY WARRANTY. IT APPEARS THAT A TSB WAS ISSUED MARCH 2016. WHY HAS NO RECALL BEEN MADE SINCE THIS IS A WIDESPREAD ISSUE?

- **NHTSA ID No. 11089747 (April 23, 2018):** ENGINE RATTLES AT COLD START UP. PER SERVICE BULLETIN THE VTC ACTUATOR IS FAULTY AND NEEDS TO BE REPLACED WITH AN UPGRADED PART. THIS IS THE SECOND TIME I WILL NEED TO HAVE IT REPLACED. I SHOULDN'T HAVE TO PAY FOR THIS REPAIR AGAIN.

- **NHTSA ID No. 11119641 (August 13, 2018):** GRINDING NOISE UPON COLD START. THIS ISSUE STARTED AT LEAST TWO YEARS AGO. DID NOT

HAPPEN ON EVERY START. ASKED DEALERSHIP WHAT IT MIGHT BE AND I WAS TOLD IT WAS NOTHING. OVER THE PAST YEAR, NOISE HAPPENS RELIGIOUSLY EVERY TIME THERE IS A COLD START. DEALERSHIP NOW SAYS IT'S THE VTC ACTUATOR AND I AM NOW PAST MY WARRANTY. IT APPEARS THAT A TSB WAS ISSUED MARCH 2016. WHY HAS NO RECALL BEEN MADE SINCE THIS IS A WIDESPREAD ISSUE? CLASS ACTION SETTLEMENT 3/ 2018 DID NOT INCLUDE THE CRV'S

- **NHTSA ID No. 11123154 (August 29, 2018):** RATTLE NOISE ON COLD START UP. VTC ACTUATOR REPLACED UNDER WARRANTY AND NOW SAME PROBLEM AGAIN AFTER 10;000 MILES. FROM MY READING AND SPEAKING TO SEVERAL AUTO MECHANICS, THIS IS A COMMON PROBLEM WITH THIS MODEL OF CAR AND IT SEEMS LIKE HONDA OF AMERICA HAS NOT TAKEN RESPONSIBILITY FOR ADDRESSING THIS PROBLEM ADEQUATELY. I THINK A RECALL OF THIS ENGINE OR AN EXTENSION OF THE WARRANTY SHOULD BE REQUIRED.

- **NHTSA ID No. 11140458 (August 13, 2016):** ENGINE RATTLES AT COLD START-UP - VTC ACTUATOR NEEDS REPLACEMENT. THE HONDA DEALER (CRISWELL HONDA, GERMANTOWN MD) DOING THE MAINTENANCE SAYS THAT I HAVE GONE PAST THE WARRANTY. BUT I HAVE BEEN THERE MULTIPLE TIMES FOR SERVICE BEFORE AND MENTIONED ABOUT THE ISSUE. THEY DID NOT FIX IT OR EXPLAINED TO ME THE ISSUES. THEY ARE CHARGING ME $800 NOW FOR THIS. BASED ON CURRENT SEARCH IN GOOGLE, THIS IS WHAT I FIND. PLEASE HELPHONDA TSB NUMBER:A09-010.V4 NHTSA NUMBER:10087883TSB DATE:MARCH 17, 2016 FAILING COMPONENT: ENGINE (PWS) SUMMARY: SERVICE BULLETIN - REPLACE THE VTC ACTUATOR IF THE ENGINE RATTLES LOUDLY FOR 2 SECONDS DURING COLD START-UP.

- **NHTSA ID No. 11150687 (November 10, 2018):** RATTLE/GRINDING NOISE ON COLD STARTS. AT FIRST, IT WAS ONLY ON VERY COLD MORNINGS, WHICH WE DON'T USUALLY HAVE HERE IN THE SOUTH (ALABAMA); HOWEVER, TODAY, IT DOES IT EVERY TIME YOU START THE CAR. IT'S A FRIGHTENING NOISE THAT SOUNDS LIKE IT'S TEARING UP THE ENGINE. THERE ARE VIDEOS AND HUNDREDS OF COMPLAINTS ONLINE ABOUT THIS ISSUE. I HAVE READ SOMETHING ABOUT A CLASS-ACTION LAWSUIT, AS WELL, ALTHOUGH I WAS NEVER NOTIFIED OF THAT.

- **NHTSA Id No. 11184334 (March 5, 2019):** FAULTY VTC ACTUATOR, GRINDING NOISE ON STARTING THE CAR EVERYDAY IN THE MORNINGS. DEALER HAVE A $600.00 ESTIMATE TO HAVE IT FIXED AND NOT COVERED UNDER STANDARD WARRANTY.
HONDA IS AWARE OF THIS ISSUE AND NO RECALL HAS BEEN ISSUED.

23

- **NHTSA Id No. 11184334 (April 14, 2019):** GRINDING NOISE WHEN COLD STARTING AND IT HAS BEGUN TO STALL THE ENGINE.

- **NHTSA Id No. 11242530 (August 8, 2019):** THERE'S A GRINDING NOISE THAT FOLLOWS THE START OF THE ENGINE. THIS ISSUE BEGAN 2 YEARS AGO DURING THE WINTER MONTHS. TOOK IT TO HONDA TO SEE WHAT WAS WRONG. THEY WEREN'T ABLE TO RECREATE THE SOUND AND SENT ME ON MY WAY.
  IT'S NOW DOING IT ALL OF THE TIME. I HAVEN'T TAKEN IT TO HONDA AGAIN, BUT I WILL WHEN I HAVE THE TIME AND MONEY TO FIX IT.
  INITIAL VIEWING OF THIS SITE SHOWS A LOT OF THE SAME ISSUE. HAVEN'T DONE ANY FURTHER RESEARCH TO SEE IF THE ISSUE HAS BEEN RESOLVED OR HANDLED BY HOND. I WILL ONCE I FINISH THIS POST. HOPEFULLY, HONDA IS DOING OR WILL DO THE RIGHT THING AND RECALL VEHICLES AFFECTED BY THIS ISSUE.

- **NHTSA Id No. 11289643 December 17, 2019):** VTC ACTUATOR GRINDING ON COLD START. REPORTED TO HONDA. PAID TO HAVE IT REPLACED OUT OF POCKET AT A COST OF $1443.83 ON 9/24/18 AT 111,863 MILES. AT 122,000 MILES STARTED HAVING HIGH OIL CONSUMPTION. AFTER SEVERAL MISDIAGNOSIS BY HARE HONDA, DETERMINED SAME ISSUE AS 2011 TSB A12-089 PROBLEM WITH STICKING PISTON RINGS. REQUIRES FULL ENGINE REBUILD QUOTED AT $2000. IF NOT FIXED CAN CAUSE ENGINE FAILURE.

- **NHTSA Id No. 1 10574783(September 15, 2015):** TL* THE CONTACT OWNS A 2013 HONDA CRV. THE CONTACT STATED THAT UPON STARTING THE VEHICLE, THERE WAS A GRINDING NOISE HEARD ON NUMEROUS OCCASIONS. THE VEHICLE WAS TAKEN TO AN AUTHORIZED DEALER, WHO DIAGNOSED THAT THE VARIABLE TIMING CONTROL ACTUATOR NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED BUT THE FAILURE RECURRED. THE CONTACT STATED THAT THE VEHICLE WAS RETURNED WITHIN A WEEK OF THE REPAIR AND THE SAME EXACT PART WAS REPLACED. THE VEHICLE EXHIBITED THE FAILURE AGAIN BUT WAS NOT REPAIRED. THE CONTACT STILL HEARD THE GRINDING NOISE WITH NO REMEDY FOR THE FAILURE. THE VEHICLE WAS TAKEN BACK TO THE AUTHORIZED DEALER, WHO WAS UNABLE TO DIAGNOSE THE FAILURE. THE FAILURE PERSISTED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 4000.

- **NHTSA Id No. 10587444 (April 23, 2015):** TL* THE CONTACT OWNS A 2013 HONDA CR-V. THE CONTACT STATED THAT WHEN STARTING THE VEHICLE, A GRINDING NOISE WAS HEARD FROM THE FRONT END. THE

FAILURE WAS RECURRING AND INTERMITTENT. THE VEHICLE WAS TAKEN TO A DEALER WHERE THE FAILURE WAS UNABLE TO BE DIAGNOSED. THE MANUFACTURER WAS NOTIFIED OF THE ISSUE. THE VEHICLE WAS NOT REPAIRED. THE APPROXIMATE FAILURE AND CURRENT MILEAGE WAS 19,000. KMJ

- **NHTSA Id No. 10678464 (January 23, 2015):** GRINDING SOUND UPON START. PROBABLY THE VTC ACTUATOR. *TR

- **NHTSA Id No. 10705578 (December 1 2014):** AS I REPORTED LAST YEAR, THERE IS A VTC ACTUATOR DESIGN FLAW THAT CREATES A GRINDING NOISE WHEN THE TEMPS FALL BELOW FREEZING AND IN SOME CASES EVEN ABOVE FREEZING MAINLY DUE TO LACK OF OIL PRESSURE AND THE ACTUATOR NOT LOCKING CORRECTLY. WELL, ANOTHER WINTER HAS COME AND GONE AND THERE IS STILL NO HINT OF A FIX FROM HONDA. THEY CLAIM THERE IS NO DAMAGE OCCURRING BUT ANY TIME I HEAR METAL ON METAL I BEG TO DIFFER.
UNFORTUNATELY AT THIS POINT I AM LOOKING AT OPTIONS SUCH AS TRADING THE VEHICLE IN AS I DON'T KNOW WHAT KIND OF SERIOUS DAMAGE IS BEING DONE EACH WINTER WITH METAL ON METAL GRINDING.
HONDA SURE HAS LOST THEIR PRESTIGIOUS CLAIM OF RELIABILITY IN MY EYES. SADLY THIS WILL BE MY LAST HONDA PRODUCT AS THEY DON'T SEEM TO ADDRESS CUSTOMER CONCERNS IN ANY KIND OF TIMELY MANNER. *TR

- **NHTSA Id No. 10732326 (July 1, 2014):** WHEN I START THE ENGINE IN THE MORNING (COLD), IT MAKES A WHIRRING/GRATING SOUND THAT LASTS JUST A COUPLE OF SECONDS. IT DOESN'T MAKE THIS SOUND AGAIN ALL DAY, EVEN WHEN THE VEHICLE SITS FOR 8+ HOURS. I DON'T KNOW IF IT'S TEMPERATURE-DEPENDENT.

- **NHTSA Id No. 10748315 (August 13, 2015):** I NOTICED A RATTLING NOISE DURING COLD STARTS FROM THE ENGINE THAT CONTINUED WELL INTO THE SUMMER. I REPORTED IT TO MY HONDA DEALER (BILL PAGE/FALLS CHURCH, VA) AND REFERRED TO THE WELL DOCUMENTED VTC ACTUATOR PROBLEM REPORTED ON THE INTERNET BASED ON VIDEO AND AUDIO SIMILARITIES IN THE NOISES I WAS HEARING. THE DEALER BEING AWARE OF THE PROBLEM REFRAINED FROM ANY INVESTIGATION OR CORRECTION UNTIL THEY RECEIVED A CORRECTIVE SOLUTION FROM HONDA. I REPORTED THE PROBLEM TO HONDA AMERICA AND THE DEALER LATER IN 2015 AFTER MY HONDA DEALER TECHNICIAN REPTD NO SOLUTION HAS COME FROM HONDA. I RECEIVED A CALL FROM HONDA REGARDING MY COMPLAINT SUGGESTING THE VTC ACTUATOR PROBLEM IS LIMITED TO ALASKA AND I SHOULD MAKE AN

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

APPOINTMENT WITH MY DEALER TO INVESTIGATE. AS A RESULT TO A SWITCH TO SYNTHETIC OIL AT THE DEALER THE NOISE SEEMS TO HAVE GONE. UNFORTUNATELY THIS DOES NOT GUARANTEE THE ORIGINAL PROBLEM HAS NOT DAMAGED THE ENGINE OR WON'T REAPPEAR IF I DECIDE TO RETURN TO CONVENTIONAL OIL. THE OFFICIAL POSITION BY HONDA VS. THE DEALER SEEMS TO PROMOTE A STAND-OFF TO COMPENSATE FOR A LACK OF A FULLY RELIABLE SOLUTION IN THAT THE DEALER IS TOLD NOT TO INITIATE REPAIRS FOR THIS PROBLEM UNTIL A SOLUTION IS DISTRIBUTED BY HONDA WHILE HONDA CLAIMS THE PROBLEM IS NOT UNIVERSAL AND IS TRYING TO MINIMIZE ITS SCOPE; LEAVING CONSUMERS IN THE MIDDLE TRYING TO MAKE THEIR CRVS OR OTHER MODEL HONDAS RELIABLE WHILE STILL UNDER WARRANTY. I WILL CONTINUE PURSUIT OF A FIX WITH HONDA AMERICA BUT FEEL NHTSA SHOULD PRESSURE HONDA TO ADDRESS THIS WELL KNOWN AND PUBLICIZED FAULT WITH SOME SORT OF PERMANENT FIX. FOR A MANUFACTURER WHO CLAIMS THEIR VEHICLES ARE HIGHLY RELIABLE HONDA APPARENT DECEPTION REGARDING THIS PROBLEM NEEDS TO BE ADDRESSED AND I HOPE NHTSA FORCES THIS ACTION TO OCCUR. I ALSO PROVIDED NHTSA WITH A COPY OF MY 7/25/15 LETTER TO AMERICAN HONDA.

- **NHTSA Id No. 10783481(October 12, 2015):** ENGINE GRINDING NOISE WHEN CROSSING UP AND DOWN STRUCTURES LIKE BRIDGES. ESPECIALLY ON HIGHWAY WHILE TAKING EXITS. AT A TIMES IT FEELS LIKE THE ENGINE IS ABOUT TO DIE. THIS GRINDING NOISE IS DISTURBING MY CONFIDENCE TO DRIVE THE VEHICLE SAFELY.
  TL* THE CONTACT OWNS A 2013 HONDA CR-V. THE CONTACT STATED THAT WHILE STARTING THE VEHICLE, THE CONTACT HEARD AN ABNORMAL NOISE FROM THE VEHICLE. THE FAILURE RECURRED TWICE. THE VEHICLE WAS TAKEN TO A DEALER WHERE IT WAS DIAGNOSED THAT THE VTC ACTUATOR NEEDED TO BE REPAIRED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 18,500....UPDATED 02/03/16 *BF
  GRINDING NOISE DURING COLD START UP UPDATED 4/23/18*JB

- **NHTSA Id No. 10795318 (November 22, 2015):** VTC ACTUATOR IS FAILING CAUSING A GRINDING SOUND WHEN STARTING THE VEHICLE. HONDA HAS RECOGNIZED AND ADMITTED TO A DEFECTIVE PART. CONTINUED TO SELL CARS KNOWING THE PARTS WERE DEFECTIVE. 2014-2015 HONDAS HAVE THE SAME ISSUE. HONDA REPORTS IT IS NOT DOING DAMAGE TO THE ENGINE OR ANY COMPONENTS. THEY ARE OFFERING NO ASSISTANCE IN THE MATTER.

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

- **NHTSA Id No. 10808139 December 23, 2015):** A YEAR AGO I NOTICED AT TIMES A NOISE LIKE I AM TRYING TO START THE VEHICLE WITH IT ALREADY RUNNING. THE OTHER DAY ON INITIAL START IT MADE A LOUDER NOISE. THE BEST I CAN TELL IS A PROBLEM WITH THE VTC ACTUATOR.

- **NHTSA Id No. 10855418 (April 14, 2016):** A LOUD GRINDING NOISE LASTING A FEW SECONDS AFTER INITIAL START UP AFTER CAR HAS BEEN SITTING, I.E., A 'COLD START.' MY HONDA 2013 CRV-EX-L HAS HAD THIS PROBLEM FROM DAY ONE, BRAND NEW! IT'S INTERMITTENT BUT HAPPENS USUALLY ON A COLD START. AFTER QUITE A FEW VISITS TO DEALER THEY ACT PERPLEXED AND NEVER CAN DUPLICATE THE CONDITION! IT ACTUALLY IS THE VTC (VARIABLE TIMING CONTROL). HONDA HAS HAD THIS PROBLEM FOR SEVERAL YEARS ON VARIOUS MODELS OF THEIR VEHICLES, HAS NEVER FIXED THE PROBLEM NOR CONTACTED AFFECTED BUYERS BUT HAS CONTINUED TO BUILD AND SELL THESE VEHICLES WITH A KNOWN DEFECT WITH NO FIX! THEIR ENGINEERS ARE AWARE OF THE PROBLEM, BUT OF COURSE THE SAME ENGINEERS SAY IT CAUSES "NO DAMAGE TO THE VEHICLE!" SHAME ON HONDA, IT ONLY RUINED THEIR REPUTATION! PEOPLE STARE AT YOU AND ASK "WHAT IS THAT NOISE?" WHEN YOU EXPLAIN, IT PUTS HONDA AND THEIR VEHICLES IN A POOR POSITION I.E., LOSS OF REPUTATION AND SALES. I DID INTENSIVE INVESTIGATION ON MY OWN, JUST 'GOOGLE THE PROBLEM, AND YOU WILL BE TAKEN TO 'YOU TUBE' AND MANY OTHER SITES SHOWING THE PROBLEM. TAKE TO THE DEALER A VIDEO AND A COPY OF THE NUMEROUS COMPLAINTS ON THIS AND OTHER SITES! YOU MUST PROVE THE PROBLEM EXISTS!! I CALLED HONDA AMERICA 2 DAYS AGO TO COMPLAIN AND FOUND OUT HONDA JUST THIS YEAR, 2016, FINALLY CAME OUT WITH A 'FIX!' IT IS FOR THE VTC (VARIABLE TIMING CONTROL) . MY CAR FINALLY IS AT THE DEALER BEING REPAIRED. HONDA KNEW ALL ALONG OF THIS PROBLEM AT LEAST FROM 2012 THROUGH 2014 AND EVEN EARLIER MODELS! A RECALL SHOULD BE MANDATED TO MAKE THE REPAIR!! AGAIN SHAME ON HONDA, I PERSONALLY WILL NEVER BUY A HONDA AUTOMOBILE AGAIN. THE FRUSTRATION, EMBARRASSMENT, TIME RUNNING BACK AND FORTH TO THE DEALER, ETC. HAS WORN ME OUT!! REMEMBER THEIR IS NOW A BULLETIN TO HONDA DEALERS WITH A 'FIX.' BUT THEY MUST DUPLICATE THE PROBLEM! BE SURE TO TAKE A VIDEO WITH SOUND!!

- **NHTSA Id No. 11048704 (November 27, 2017):** HAVE 2013 HONDA CR-V AND WHEN GO TO START IT AFTER SITTING OVERNIGHT MAKES LOUD GRINDING NOISE FOR 1-2 SECONDS. DEALERSHIP SAYS IT'S THE VTC ACTUATOR AND IS A KNOW PROBLEM BUT NOT RECALL HAS BEEN ISSUED. THEY WANT 500 BUCKS TO FIX THE ISSUES SINCE CAR OF COURSE ISN'T UNDER WARRANTY AND WON'T WORK WITH ME AT ALL. VERY UNPROFESSIONAL IN MY OPINION OF HONDA WITH AN ISSUES THAT IS KNOW AND COMMON.

- **NHTSA Id No. 11053697 (December 9, 2017):** SPORADIC GRINDING NOISE AFTER SETTING OVERNIGHT. TOOK TO DEALER, THEY SAID WOULD HAVE TO HEAR IT BEFORE THEY COULD DO ANYTHING. LEFT UNTIL THE NEXT DAY. NO SATISFACTION ON MY PART. STILL DOES IT. IT WAS UNDER WARRANTY WHEN TAKEN IN, BUT IS OUT OF WARRANTY NOW.

- **NHTSA Id No. 11057819 (January 1, 2018):** ENGINE MAKES A RATTLE NOISE ON COLD START UP. CAR WAS TAKEN TO DEALERSHIP AND WAS TOLD THE VTC ACTUATOR WAS DEFECTIVE AND WAS REPLACED UNDER WARRANTY AT 83000 MILES. THIS WAS IN AUGUST OF 2017. IT IS NOW JANUARY OF 2018, CAR NOW HAS 90355 MILES AND THE RATTLE NOISE HAS RETURNED. WILL TAKE THE CAR BACK TO THE DEALERSHIP THIS WEEK TO SEE WHAT WILL BE DONE NEXT. FROM WHAT I HAVE RESEARCHED, HONDA HAS NOT COME UP WITH A REAL FIX. THIS PROBLEM HAS BEEN GOING ON FOR SEVERAL YEARS FOR PREVIOUS MODELS. COME ON NHTSA, PUT SOME HEAT ON THESE GUYS.

- **NHTSA Id No. 11062203 (January 11, 2018):** ON COLD START THE ENGINE MAKES A LOUD GRINDING NOISE. MY VEHICLE ONLY HAS 28,500 MILES ON THE CAR.

- **NHTSA Id No. 10676638 (January 21, 2015):** ON COLD DAYS I HEAR GRINDING NOISE WHEN I START MY CAR, FEW SECOND NOISE THEN ITS FINE. I NOTICED IT STARTED IN DECEMBER WHEN THE COLD WEATHER HITS TEXAS. IT DOES NOT HAPPEN DAILY ONLY ON COLD DAYS AS CAR SITS IN DRIVEWAY. SOME DAYS IT WILL BE COLD AND IT WILL BE FINE AND OTHER DAYS ANOTHER COLD DAY AND IT WILL HAPPEN FOR A FEW SECONDS. MY CAR HAS SLIGHTLY OVER 8000 MILES. I FIND THIS TOO SOON TO HAVE ANY ISSUES. I TOOK IT TO LOCAL HONDA DEALERSHIP JANUARY 16 WHERE CAR SAT OVER NIGHT TO DUPLICATE THE SOUND AND THE CAR DID NOT MAKE THAT NOISE. THE WEATHER WAS IN THE 40'S AND NOISE COULD NOT BE HEARD. MY CAR WAS STILL AT DEALERSHIP ON JANUARY 19 AND AGAIN NO SOUND WAS HEARD FROM CERTIFIED HONDA TECH. I OPENED UP HONDA CARE TICKET FOR A SOLUTION AND A PUSH FROM THEM TO REPLACE THE VTC ACTUATOR. THE TECH PLAYED DUMB AND SAID I WAS THE FIRST OWNER TO HAVE THIS COMPLIANT AND THEREFORE COULD NOT PIN POINT THE PROBLEM AND COULD NOT FIX SOMETHING HE DID NOT KNOW WHAT IT COULD BE. I TOOK MY CAR FROM THEM AFTER SITTING THERE SINCE FRIDAY, SATURDAY, SUNDAY AND MONDAY JAN 19. HONDA CARE DID NOT PUSH THE ISSUE TO THE DEALERSHIP SO I AM CONSIDERING TRADING IN MY CAR. I CANNOT BE HELD ACCOUNTABLE FOR A FAULTY HONDA PROBLEM. NOW I THE CONSUMER HAVE BEEN DUPED BY THIS IGNORANCE AND LETTING THIS KNOWN ISSUE JUST SIT AROUND AND GET BIGGER WITH CONSUMERS. *TR

- **NHTSA Id No. 10690867 (February 26, 2015):** EVERY DAY WHEN IT IS REALLY COLD OUTSIDE AND THE TEMPERATURES ARE 20 BELOW OR SO, THERE IS A GRINDING NOISE WHEN I START THE CAR UP. IT ONLY HAPPENS WHEN IT IS REALLY COLD OUTSIDE. DON'T ACTUALLY KNOW WHERE IT IS COMING FROM UNDER THE HOOD. IT ONLY LAST ABOUT A SECOND OR TWO.

- **NHTSA Id No. 10693136 (March 9, 2015):** I GET A HARSH GRINDING 'METAL-ON-METAL' SOUND FROM THE CAM/TIMING CHAIN, TOP OF THE ENGINE WHEN TEMPS BELOW 40 DEGREES. VISITED WITH THE DEALER I PURCHASED AT, DIDN'T EVEN START A WORK TICKET WHEN I TOLD HIM WHAT IT WAS DOING. STATED IT WAS THE VTC ACTUATOR PROBLEM ,THEY ALL HAVE IT, REPLACING THE PART WON'T FIX IT, JUST HAVE TO LIVE WITH IT. WENT TO 2ND DEALER, SAID SAME THING BUT STARTED A WORK TICKET. GAVE ME A COPY OF A HONDA "TECH LINE SUMMARY ARTICLE" ENGINE RATTLES AFTER COLD SOAK STARTUP. AFFECTED VEHICLES, 2008-12 ACCORD, 2012-15 CROSSTOUR, 2012-14 CR-V, WE'RE CURRENTLY WORKING ON A SOLUTION BUT HAVE NO RECOMMENDED DEALER REPAIR AT THIS TIME. CONTACTED HONDA MOTOR CO. TO FILE A COMPLAINT, WE WOULD LIKE TO FIX YOUR CAR, HOW? YOU DON'T HAVE A FIX, PROBLEM SINCE 2008. ASKED FOR MY PURCHASE PRICE TO BE REIMBURSED MINUS USAGE. WAITING FOR RESPONSE FROM HONDA. WILL PURSUE DISPUTE RESOLUTION/ARBITRATION IF NEEDED. *TR

- **NHTSA Id No. 10694991 (March 17, 2015):** WHEN YOU COLD START THE CAR IT MAKES A GRINDING NOISE. HAVE TAKEN IT IN TO THE DEALER THREE TIMES AND THEY CAN NEVER DUPLICATE THE NOISE. I TAKE IT HOME AND IT DOES IT AGAIN THE NEXT DAY EACH TIME. I RECORDED THE NOISE AND TOOK IT TO THE DEALER. THEY ORIGINALLY TOLD ME THAT THEY DIDN'T KNOW WHAT IT WAS. THE THIRD TIME I TOOK IT IN THEY CLAIMED HONDA AMERICA WAS AWARE OF THE PROBLEM AND WERE WORKING ON IT. AFTER WAITING 6 WEEKS FOR RESOLUTION, I CALLED THE DEALER AND WAS TOLD THE SAME THING. I REQUESTED THE NUMBER TO HONDA AMERICA AND CALLED. I WAS TOLD BY HONDA AMERICA THAT THEY DIDN'T DEEM THIS PROBLEM A DEFECT AND THEY WOULD NOT FIX THE PROBLEM. I AM TRYING TO FIND OUT WHAT RECOURSE I HAVE. IF YOU LOOK ON THE DIFFERENT BLOGS AND SITES ONLINE...THEY DO HAVE A PROBLEM WITH NUMEROUS OTHER HONDA VEHICLES. ANY HELP YOU CAN GIVE ME IS APPRECIATED. *TR

- **NHTSA Id No. 10723387 (June 4, 2014):** THERE IS A GRINDING NOISE/SOUND AT COLD START. VEHICLE IS GARAGED BUT DURING THE COLDER WEATHER MONTHS, THE STARTER HAS A TERRIBLE GRINDING SOUND. THIS OCCURRED WITH ONLY ABOUT 1200 MILES PUT ON THE CAR. IT WAS PURCHASED NEW IN MID-DECEMBER, 2013 (2014 MODEL) AND THE GRINDING SOUND FIRST OCCURRED IN LATE FEBRUARY, 2014. WAITED A FEW MORE MONTHS AND THEN CONTACTED LOCAL HONDA DEALERSHIP

TO BRING IN THE CAR TO HAVE THEM DUPLICATE THE PROBLEM. THIS WAS DONE ON JANUARY 9TH, 2015. DEALERSHIP SAID THEY WERE AWARE OF SOME OTHER 2014 CRV'S HAVING SAME/SIMILAR PROBLEM AS MINE. THEY FURTHER STATED THAT THE PROBLEM IS A VTC-ACTUATOR AND THAT HONDA HAD BEEN AWARE OF IT FOR SOME TIME. I WAS TOLD THAT HONDA HAS TO RE-ENGINEER THE PART AND THAT IT HOPEFULLY BE READY BY THE SUMMER OF 2015. STILL NO WORD FROM THE DEALERSHIP ON THE STATUS OF THE RE-ENGINEERED PART BEING AVAILABLE AT THIS TIME. I WILL FOLLOW UP WITH THEM TODAY.

- **NHTSA Id No. 10795269 (November 21, 2015):** ENGINE HAS A COLD START RATTLE, HONDA SAYS IT IS THE VTC ACTUATOR. HONDA HAS CHANGED IT ONCE AND IT STILL MAKES THE NOISE. HONDA SAYS THAT ARE WORKING ON A FIX, BUT IT LOOKS LIKE THEY HAVE WORKING ON IT SINCE 2012.

- **NHTSA Id No. 1080883 (December 7, 2015):** WHEN STARTING THE CAR, ESPECIALLY AFTER IT SITTING FOR A WHILE, IT WILL MAKE A RATCHETING SOUND AFTER STARTING. I CALLED THE DEALER WHERE PURCHASED FROM AND WAS TOLD IT WAS A VTC ACTUATOR PROBLEM THAT THERE IS NO FIX FOR. WAS TOLD THEY ARE WORKING ON IT AND WOULD HAVE A FIX IN FEBRUARY. LOOKED UP THIS PROBLEM ONLINE AND SAW THIS HAS BEEN A PROBLEM WITH HONDA'S SINCE 2008 ALONG WITH NUMEROUS VIDEOS OF THE SAME SOUND.

- **NHTSA Id No. 10817267 (December 31, 2015):** MY VEHICLE MAKES A TERRIBLE SOUND UNDER THE HOOD UPON STARTING WHEN IT IS COLD. I RESEARCHED IT ONLINE AND DISCOVERED IT IS THE VTC ACTUATOR VALVE (MOST LIKELY). TOOK IT TO DEALERSHIP, LET IT OVERNIGHT SO THEY WOULD HEAR IT AFTER SETTING. THEY CLAIM NO NOISE UPON STARTING IT. I AM CONCERNED AT SOME POINT ENGINE PARTS ARE BEING DAMAGED. THE NOISE BEGAN WITHIN 2 MONTHS OF OWNERSHIP. WENT TO ANOTHER HONDA DEALER, THEY SAID "HONDA PROBABLY DOES KNOW ABOUT THIS BUT THERE IS NO REPAIR/RECALL ORDER ISSUED SO THEY WON'T REPAIR IT. CAR WAS PURCHASED NEW.

- **NHTSA Id No. 10817445 (January 2, 2016):** WHEN STARTING THE CAR, ESPECIALLY AFTER IT SITTING FOR A WHILE, IT WILL MAKE A RATCHETING SOUND AFTER STARTING. I CALLED THE DEALER WHERE PURCHASED FROM AND WAS TOLD IT WAS A VTC ACTUATOR PROBLEM THAT THERE IS NO FIX FOR. WAS TOLD THEY ARE WORKING ON IT AND WOULD HAVE A FIX IN FEBRUARY.

- **NHTSA Id No. 10822402 (January 26, 2016):** WITH COLD STARTS (STARTING THE ENGINE FIRST THING IN THE MORNING) THERE IS A GRINDING RUMBLE FROM UNDER THE FRONT OF THE CAR THAT LASTS A SECOND OR TWO. THIS HAS BEEN HAPPENING SINCE I BOUGHT THE CAR, AND THE

SERVICE DEPT HAS SAID NOT TO WORRY ABOUT IT. YESTERDAY, I TOOK THE CAR IN TO HAVE IT EXAMINED AND REPAIRED, AND THE HONDA SERVICE MANAGER CONFIRMED THAT THE NOISE WAS COMING FROM A DEFECTIVE VTC ACTUATOR. HE WENT ON TO SAY THAT HONDA IS CONTINUING TO PRODUCE THE SAME DEFECTIVE ACTUATOR THEY HAVE PRODUCED FOR THE PAST 8 YEARS AND THAT THE HONDA CORPORATION WILL NOT ALLOW DEALER SERVICE DEPARTMENTS TO REPLACE THEM. "THEY'RE ALL FAULTY, SO IT WOULDN'T MATTER."

THIS DEFECT IN A CRITICAL ENGINE PART MUST BE ADDRESSED AND THE PART REPLACED.

- **NHTSA ID No. 10822511 (January 27, 2016):** GRINDING SOUND AT START UP ON COLD MORNINGS,PROBABLY FAULTY VTC ACTUATOR WHICH HONDA WILL OR CANNOT FIX. THIS GRINDING HAS TO BE DOING SOME KIND OF DAMAGE THAT WILL BE MORE SERIOUS LATER TO MY VEHICLE.

- **NHTSA ID No. 10824028 (February 3, 2016):** GRINDING SOUND AT ENGINE START UP IN COLD WEATHER. IT HAPPENS EVERY WINTER.

- **NHTSA ID No. 10854563 (April 9, 2016):** GRINDING NOISE LASTING A FEW SECONDS DURING IGNITION START UP AFTER CAR HAS BEEN SITTING OVERNIGHT. BEGAN WHEN CAR WAS 6 MONTHS OLD. HAPPENS ALMOST DAILY WHEN TEMPS ARE BELOW 60

- **NHTSA ID No. 10939065 (December 27, 2016):** ENGINE EMITS RATTLE/GRINDING SOUND FOR 1-3 SECONDS ON COLD START IN COLD WEATHER.

  ## VIN PASSED ## HONDA CRV 2014 ## *TR

- **NHTSA ID No. 10939136(January 2, 2017):** THERE IS A LOUD GRINDING NOISE LASTING APPROXIMATELY 2 SECONDS AT COLD STARTUP. THIS HAS HAPPENED ABOUT 6 TIMES IN THE LAST 6 MONTHS. MY VEHICLE HAS ONLY 22700 MILES. I'M CONCERNED THIS IS CAUSING DAMAGE TO THE ENGINE.

- **NHTSA ID No. 10984366 (May 8, 2017):** OUR 2014 HONDA CRV HAS BEEN MAKING A CLATTERING NOISE AT START UP FOR THE PAST SEVERAL MONTHS. APPARENTLY THERE IS A WELL KNOW DEFECT WITH THE VTC ACCURATOR AND YET HONDA HASN'T ALERTED CONSUMERS TO THIS DEFECT OR ISSUED A RECALL. I AM WRITING YOU TO ALERT YOU OR TO ADD TO OTHER COMPLAINTS YOU HAVE RECEIVED REGARDING THIS ISSUE. IF THEY DON'T NOTIFY CONSUMERS, THEN THE WARRANTY PERIOD CAN GO BY AND THEN THE CONSUMER IS LEFT WITH THE BILL. THANK YOU.

- **NHTSA ID No. 11022148 (September 1, 2017):** CAR HAS A LOUD RATTLE OR GRINDING SOUND ON A COLD STARTUP. LAST A COUPLE OF SECONDS THEN GOES AWAY. HAS DONE THIS FOR 3 YEARS, SINCE I GOT IT.

- **NHTSA ID No. 11039802 (October 25, 2017):** LOUD GRINDING SOUND WHEN STARTING THE CAR IN THE GARAGE. THIS HAS HAPPENED IN THE PAST ON COLD DAYS BUT TEMPERATURE TODAY WAS IN THE 50S. I AM CONCERNED ABOUT DAMAGE FROM THIS AS THE DAYS HERE IN WISCONSIN ARE ONLY GOING TO GET COLDER. I AM KEEPING A RUNNING LIST OF OCCURRENCES AND DOCUMENTING DATES AND TEMPERATURES.

- **NHTSA ID No. 11052815 (December 6, 2017):** ON COLD START ENGINE MAKES LOUD GRINDING SOUND. VEHICLE WAS PURCHASED IN JANUARY 2016 AND HAS CONTINUOUSLY DONE THIS ON COLD MORNINGS

- **NHTSA ID No. 11054687 (December 14, 2017):** ENGINE MAKES A GRINDING SOUND UPON START UP ON COLD MORNINGS FOR A FEW SECONDS WHILE PARKED. THIS HAS BEEN A PROBLEM SINCE I PURCHASED CAR. HAVE TAKEN TO DEALER NUMEROUS TIMES, BUT THEY CANNOT TELL ME WHAT THE PROBLEM IS. NUMEROUS COMPLAINTS FROM OWNERS ABOUT THE VTC ACTUATOR, BUT THIS WAS NEVER MENTIONED TO ME. CONCERNED THIS WILL LEAD TO PROBLEMS IF NOT ADDRESSED.

- **NHTSA ID No. 11057647 (December 30, 2017):** RATTLING NOISE FOR 1 OR 2 SECONDS WHEN STARTING THE VEHICLE AT TEMPERATURES AROUND 35 DEGREES F.

- **NHTSA ID No. 11064271 (January 20, 2018):** RATTLING NOISE FOR 1 TO 3 SECONDS WHEN STARTING THE VEHICLE AT TEMPERATURES AROUND 35 DEGREES F. THIS OCCURS RANDOMLY SINCE PURCHASE. HAVE TALKED WITH DEALER WITH NO RESOLUTION.

- **NHTSA ID No. 11065218 (January 18, 2018):** ON COLD START, THE ENGINE GRINDS FOR ABOUT 2 SECONDS. I BOUGHT THE VEHICLE NEW AND THIS HAS HAPPENED PERIODICALLY SINCE. DEALER SERVICE SHOP USUALLY CANNOT REPLICATE IT BECAUSE IT ONLY HAPPENS ON COLD START AFTER SITTING OVERNIGHT. FINALLY GOT THEM TO REPLICATE THE NOISE IN JANUARY 2016 AND DIAGNOSED AS A VTC ACTUATOR PROBLEM. APPARENTLY A VERY WELL KNOWN PROBLEM AND "THEY FIX THESE ALL THE TIME, KNOWN ISSUE". A WEEK LATER THE NOISE STARTED AGAIN AND NOW THE DEALER CAN'T REPLICATE AGAIN. I ONLY HAVE 10 MONTHS LEFT ON MY WARRANTY AND THEY SAY THEY WON'T REPLACE IT AGAIN BECAUSE THEY CAN'T REPLICATE IT. IF IT'S A KNOWN ISSUE, THIS NEEDS TO BE RECALLED AND FIXED AGAIN ASAP. WORRIED ABOUT THE LONGEVITY OF THE ENGINE, GIVEN THIS HAS BEEN GOING ON SINCE DAY ONE.

- **NHTSA ID No. 11074647 (February 24, 2018):** ENGINE METAL RATTLING NOISE ON COLD START UP. VERY DISTURBING. ENGINE HAS A ROUGH START AS RESULT.

- **NHTSA ID No. 11076209 (May 5, 2018):** GRINDING SOUND FROM ENGINE DURING COLD START. GRINDING SOUND LAST A FEW SECONDS WHEN ENGINE IS COLD.

- **NHTSA ID No. 11139305 (October 9, 2018):** VTC ACTUATOR NEEDS TO BE REPLACED AT 86,000 MILES. TOOK TO DEALER COST WILL BE $1000.00 NOT COVERED UNDER ANY RECALLS ALTHOUGH THERE HAVE BEEN SEVERAL COMPLAINTS AND REPAIRS FOR THIS PARTICULAR YEAR, MAKE AND MODEL

- **NHTSA ID No. 11162187 (December 18, 2018):** GRINDING SOUND FOR 1-2 SECONDS AFTER THE ENGINE STARTS ESPECIALLY DURING COLD START. WHEN I GOOGLED IT, SAME SOUND THAT AFFECTING VTC ACTUATOR.

- **NHTSA ID No. 11172725 (January 29, 2019):** TL* THE CONTACT OWNS A 2014 HONDA CR-V. WHEN THE VEHICLE WAS COLD STARTED, THE CONTACT HEARD AN INTENSE GRINDING NOISE COMING FROM THE ENGINE. THE NOISE ONLY LASTED FOR A FEW SECONDS, BUT THE CONTACT WAS CONCERNED OF ENGINE DAMAGE. THE CONTACT RESEARCHED THE INTERNET AND FOUND FORUMS REGARDING THE FAILURE. THE CONTACT SPOKE WITH O'DONNELL HONDA (8620 BALTIMORE NATIONAL PIKE, ELLICOTT CITY, MD 21043, (410) 461-5000) WHILE THE WARRANTY WAS STILL VALID; HOWEVER, THERE WAS NO REMEDY AT THE TIME. THE WARRANTY HAD EXPIRED AND THE DEALER WOULD NOT ASSIST WITH THE REPAIR. THE MANUFACTURER STATED THAT NOTHING COULD BE DONE BECAUSE THE WARRANTY WAS EXPIRED. THE FAILURE MILEAGE WAS 30,000.

- **NHTSA ID No. 11190244 (March 20, 2019):** CRV WAS RATTLING FOR ABOUT A WEEK. STARTED ONLY IN THE MORNING IN THE COLD AND PROGRESSIVELY GOT WORSE. WE WERE SUPPOSED TO TAKE THE CAR IN TO THE MECHANIC THE NEXT DAY BUT AS MY WIFE WAS DRIVING ON THE HIGHWAY THE CAR COMPLETELY SHUT OFF. WE HAD IT TOWED TO THE MECHANIC AND HE SAID IT'S ENGINE FAILURE AND HAD NO OIL. WE HAD NO OIL LIGHT COME ON AND WE GET ROUTINE OIL CHANGES. CALLED HONDA TO SEE IF THERE WAS A RECALL AND THEY SAID NO AND OFFERED NO HELP. NOW I'M STUCK WITH A WORTHLESS 5 YR OLD CAR THAT I STILL OWE MONEY ON. THERE ARE SO MANY COMPLAINTS ABOUT THIS WHY HASN'T A RECALL BEEN ISSUED? WHY IS NOBODY INVESTIGATING THIS????

- **NHTSA ID No. 1110377 (May 28, 2019):** RATTLING NOISE FOR 1 TO 3 SECONDS WHEN STARTING THE VEHICLE THIS OCCURS RANDOMLY SINCE PURCHASE. HAVE TALKED WITH DEALER WITH THEY SAY ITS STARTER ($863 NOT UNDER WARRANTY. IF I TURN KEY AND LET SIT FOR A FEW MINUTES AND THEN START THE ENGINE - NO METAL NOISE. CONTACT AMERICA HONDA - NO CALL OR COMMUNICATION YET

- **NHTSA ID No. 11242718 (August 8, 2019):** I'M HAVING THE INFAMOUS VTC ACTUATOR GRINDING ON START-UP THAT HONDA HAS DETAILED IN SERVICE BULLETIN #16-012. I'VE CONTACTED HONDA REPEATEDLY ABOUT THE ISSUE BUT THEY REFUSE TO GIVE ME ANY INFORMATION ABOUT IT.

- **NHTSA ID No. 11281898 (November 22, 2019):** VEHICLE MADE GRINDING NOISE UPON START-UP OVER SEVERAL MONTHS. HONDA CLAIMED IT IS NOT DAMAGING THE ENGINE AND THERE IS NO FIX. ENGINE CONTINUED TO GRIND AND MY CAR BEGAN HAVING OIL PROBLEMS. HONDA STILL SAID THERE WAS NO ISSUE AND THEY WERE NOT RELATED. CAR CONTINUED GRINDING UNTIL THIS WEEK WHEN ALL LIGHTS ON THE DASHBOARD LIT UP. I TOOK MY HONDA AND WAS TOLD THE TIMING CHAIN IS STRETCHED AND IT NEEDS ANOTHER VTC ACTUATOR REPLACEMENT (THIS WAS FIXED UNDER WARRANTY THREE YEARS AGO). THE CAR COULD HAVE STALLED WHILE DRIVING. THIS IS A KNOWN ISSUE THAT HONDA IS REFUSING TO ACKNOWLEDGE OR RECALL IN HONDA CR-V'S. THEY CHARGED ME $1800 TO FIX AN ISSUE KNOWN TO THEM. THIS COULD HAVE RESULTED IN BODILY INJURY TO MYSELF OR OTHERS IF THE CAR HAD STALLED WHILE DRIVING. HONDA SHOULD TAKE RESPONSIBILITY FOR THEIR FAULTY ENGINES. THERE ARE MULTIPLE COMPLAINTS ON THIS SAME ISSUE.

- **NHTSA ID No. 11271633 (October 28, 2019):** I'M HAVING CONTINUED ISSUES WITH THE ENGINE'S VTC RATTLING AND RANDOM ENGINE SPEEDS. IT HAS BEEN REPAIRED ONCE BUT THE RATTLE AHAS RETURNED AND IS WORSE. NO SERVICE LIGHTS ARE PRESENT.

59.     Customers have reported the VTC Defect in the Class Vehicles to Honda directly and through its dealers.  Defendants are fully aware of the VTC Defect contained in the Class Vehicles.  Nevertheless, Defendants actively concealed the existence and nature of the Defect from Plaintiff and the other Class Members at the time of purchase or repair and thereafter.  Honda:

a.   failed to disclose, at the time of purchase or repair and thereafter, any and all known material defects or material nonconformities of the Class Vehicles, including the VTC Defect;

b.   failed to disclose, at the time of purchase or repair and thereafter, that the Class Vehicles and their VTC Actuators were not in good working order, were defective, and were not fit for their intended purpose; and

c.   failed to disclose and actively concealed the fact that the Class Vehicles and their VTC Actuators were defective, despite the fact that Defendants learned of the VTC Defect before they placed the Class Vehicles in the stream of commerce.

60.   Defendants have deprived Class Members of the benefit of their bargain, exposed them all to a dangerous safety Defect, and caused them to expend money at its dealerships or other third-party repair facilities and/or take other remedial measures related to the VTC Defect contained in the Class Vehicles.  Moreover, on information and belief when vehicles are brought to Defendant's dealers for repair, Class Members are provided with ineffective repairs in which one defective component is replaced with another.  As a result, Class Members continue to experience the VTC Defect even after paying for repairs, as shown by the experiences of Plaintiffs.  Because many Class Members, like Plaintiffs, are current owners or lessees who rely on their vehicles on a daily basis, compensation for repairs, related expenses (e.g. towing) and diminution in value is not sufficient.  A remedial scheme which also makes available a fix and/or warranty extension is necessary to make Class Members whole.

61.   Defendants have not recalled the Class Vehicles to repair the VTC Defect, has not offered to its customers a suitable repair or replacement of parts related to the VTC Defect free of charge, and has not reimbursed all Class Vehicle owners and leaseholders who incurred costs for repairs related to the VTC Defect.

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

62.   Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

63.   As a result of the VTC Defect, the value of the Class Vehicles has diminished, including without limitation, the resale value of the Class Vehicles.  Reasonable consumers, like Plaintiffs, expect and assume that a vehicle's VTC Actuator and related components are not defective and will not malfunction while operating the vehicle as it is intended.  Plaintiffs and Class Members further expect and assume that Honda will not sell or lease vehicles with known safety defects, such as the VTC Defect, and will fully disclose any such defect to consumers prior to purchase or offer a suitable repair non-defective replacement.

## VI.   TOLLING OF THE STATUTE OF LIMITATIONS

64.   Plaintiffs and the other Class Members were not reasonably able to discover the VTC Defect, despite their exercise of due diligence.

65.   Despite their due diligence, Plaintiffs and the other Class Members could not reasonably have been expected to learn or discover that they were deceived and that material information concerning the Class Vehicles and VTC Actuators was concealed from them.

66.   In addition, even after Class Members contacted Honda and/or its authorized agents for vehicle repairs concerning the defective nature of the Class Vehicles and their VTC Actuators, they were routinely told by Honda and/or through their authorized agents for vehicle repairs that the Class Vehicles are not defective.

67.   Hence, any applicable statute of limitation, if any, has been tolled by Honda's knowledge, active concealment, and denial of the facts alleged herein.  Honda is further estopped from relying on any statute of limitation because of its concealment of the defective nature of the Class Vehicles and their VTC Actuators.

## VII.   CLASS ACTION ALLEGATIONS

68.   Plaintiffs brings this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3).   This action satisfies the numerosity,

commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

69. The Class and Sub-Classes are defined as:

**Nationwide Class**: All persons who purchased or leased any 2012-2016 Honda CR-V vehicle, 2012-2016 Honda Accord Vehicle or 2012-2015 Honda Crosstour vehicle in the United States.

**California Sub-Class:** All persons who purchased or leased any 2012-2016 Honda CR-V vehicle, 2012-2016 Honda Accord Vehicle or 2012-2015 Honda Crosstour vehicle in the State of California.

**Illinois Sub-Class:** All persons who purchased or leased any 2012-2016 Honda CR-V vehicle, 2012-2016 Honda Accord Vehicle or 2012-2015 Honda Crosstour vehicle in the State of Illinois.

**Virginia Sub-Class:** All persons who purchased or leased any 2012-2016 Honda CR-V vehicle, 2012-2016 Honda Accord Vehicle or 2012-2015 Honda Crosstour vehicle in the State of Virginia.

70. Excluded from the Class and Sub-Classes are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiffs reserve the right to amend the definition of the Class and Sub-Classes, and to add further subclasses, if discovery and further investigation reveal that the Class and Sub-Classes should be expanded or otherwise modified.

71. <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from, *inter alia*, information and records in Defendants' possession, custody, or control.

72. <u>Typicality</u>: The claims of the representative Plaintiffs are typical of the claims of the Class and Sub-Class in that the representative Plaintiffs, like all Class Members, paid

for a Class Vehicle designed, manufactured, and distributed by Defendant which is subject to the VTC Defect. The representative Plaintiffs, like all Class Members, have been damaged by Defendants' misconduct because, among other reasons, their vehicles have diminished in value as a result of the VTC Defect, their vehicles do not perform properly, and they have incurred or will incur the cost of repairing or replacing their malfunctioning VTC Actuator and related parts as a result of the VTC Defect. Further, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and/or grossly negligent misconduct resulting in injury to all Class Members.

73.     Commonality: There are numerous questions of law and fact common to Plaintiffs and the Class and Sub-Classes that predominate over any question affecting only individual Class Members. These common legal and factual questions include the following:

a.      whether the Class Vehicles suffer from the VTC Defect;

b.      whether the VTC Defect constitutes an unreasonable safety hazard;

c.      whether Defendants know about the VTC Defect and, if so, how long Defendants have known of the Defect;

d.      whether the defective nature of the Class Vehicles' VTC Actuators constitutes a material fact;

e.      whether Defendants had and have a duty to disclose the defective nature of the Class Vehicles' VTC Actuators to Plaintiffs and the other Class Members;

f.      whether Plaintiffs and the other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

g.      whether Defendants knew or reasonably should have known of the VTC Defect contained in the Class Vehicles before it sold or leased them to Class Members; and

h.      Whether Defendants: (1) violated the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (2) violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) committed breach of the implied

warranty of merchantability pursuant to the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1 *et seq.,* and Cal. Comm. Code §2314*;*(4) violated Illinois' Consumer Fraud and Deceptive Practices Act 815 ILCS 505/1 *et seq*.; (5) breached the implied warranty of merchantability 810 Ill. Comp. Stat. Ann § 5/2-314 (6) violated Virginia's Consumer Protection Act 810 Ill. Comp. Stat. Ann § 5/2-314; (7) breached the implied warranty of merchantability (Va. Code Ann. § 8.2-314); and (8) is liable for fraudulent omission.

74.    <u>Adequate Representation</u>:  Plaintiffs will fairly and adequately protect the interests of the Class Members.  Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer and automobile defect class actions, and Plaintiffs intend to prosecute this action vigorously.

75.    <u>Predominance and Superiority</u>:  Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

**FIRST CAUSE OF ACTION**

(Violation of California Consumers Legal Remedies Act,
Cal. Civ. Code § 1750 *et seq.* ("CLRA") on behalf of the Nationwide Class, and
alternatively, the California Sub-Class)

76.     Plaintiffs Mary Quackenbush and Gheri Suelen hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

77.     Plaintiffs Mary Quackenbush and Gheri Suelen bring this cause of action on behalf of themselves and the Nationwide Class, and alternatively, the California Sub-Class.

78.     Honda is a "person" as defined by California Civil Code § 1761(c).

79.     Plaintiffs and the other Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

80.     By failing to disclose and concealing the defective nature of the Class Vehicles' VTC Actuator from Plaintiffs and prospective Class Members, Defendants violated California Civil Code § 1770(a), as it represented that the Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another, and advertised the Class Vehicles with the intent not to sell them as advertised.  *See* Cal. Civ. Code §§ 1770(a)(5), (7) & (9).

81.     Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public and imposed a serious safety risk on the public.

82.     Defendants knew that the Class Vehicles' VTC Actuator suffered from an inherent defect, would fail prematurely and were not suitable for their intended use.

83.     Defendants were under a duty to Plaintiffs and the Class Members to disclose the defective nature of the Class Vehicles' VTC Actuator and the associated repair costs because:

a.  Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' VTC Actuators;

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

b.  Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their VTC Actuators have a dangerous safety defect until after they purchased the Class Vehicles;

c.  Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn about or discover the VTC Defect; and

d.  Defendants actively concealed the defective nature of the Class Vehicles' VTC Actuators from Plaintiffs and Class Members at the time of sale and thereafter.

84.  By failing to disclose the VTC Defect, Defendants knowingly and intentionally concealed material facts and breached its duty not to do so.

85.  The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them.  Had Plaintiffs and other Class Members known that the Class Vehicles' VTC Actuator was defective, they would not have purchased the Class Vehicles or would have paid less for them.

86.  Plaintiffs and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a VTC Defect.  That is the reasonable and objective consumer expectation for vehicles and their VTC Actuator.

87.  As a direct and proximate result of Defendants' unfair or deceptive acts and practices, Plaintiffs and the other Class Members have been harmed and have suffered and will continue to suffer actual damages in that the Class Vehicles and their VTC Actuator are defective and require repairs or replacement, and are worth less than they would be if they had a non-defective VTC Actuator.

88.  By a letter dated June 10, 2020, and sent via certified mail, Plaintiffs provided Defendants with notice of its alleged violations of the CLRA pursuant to California Civil Code Section 1782(a) and demanded that Defendants rectify the problems associated with the behavior detailed above.  As of the filing of this Complaint Defendants have failed to agree

to Plaintiffs' demands and has failed to give notice to all affected consumers, as required by California Civil Code Section 1782.

89.     Accordingly, Plaintiffs seek an order enjoining the acts and practices described above.

90.     Plaintiffs additionally seek actual damages, restitution, statutory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper under section 1780(a) of the CLRA pursuant to Civil Code Section 1782(d), due to Defendants' failure to rectify or agree to adequately rectify its violations as detailed above.

## **SECOND CAUSE OF ACTION**

(Violation of Unfair Competition Law,
California Bus. & Prof. Code § 17200 *et seq.* ("UCL") on behalf of the Nationwide Class,
and alternatively, the California Sub-Class)

91.     Plaintiffs Mary Quackenbush and Gheri Suelen hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

92.     Plaintiffs Mary Quackenbush and Gheri Suelen bring this cause of action on behalf of themselves and the Nationwide Class, and alternatively, the California Sub-Class.

93.     California Business & Professions Code Section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

94.     Defendants knew that the Class Vehicles' VTC Actuator suffered from an inherent defect, was defectively designed and/or manufactured, would fail prematurely, and was not suitable for its intended use.

95.     In failing to disclose the VTC Defect, Defendants knowingly and intentionally concealed material facts and breached its duty not to do so, thereby engaging in a fraudulent business act or practice within the meaning of the UCL.

96.     Defendants were under a duty to Plaintiffs and the other Class Members to disclose the defective nature of the Class Vehicles' VTC Actuator because:

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

a.   Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' VTC Actuators;

b.   Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their VTC Actuators have a dangerous safety defect until after they purchased the Class Vehicles;

c.   Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn about or discover the VTC Defect; and

d.   Defendants actively concealed the defective nature of the Class Vehicles' VTC Actuators from Plaintiffs and Class Members at the time of sale and thereafter.

97.     The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material because a reasonable person would have considered them to be important in deciding whether or not to purchase or lease Defendants' Class Vehicles, or to pay less for them.  Had Plaintiffs and other Class Members known that the Class Vehicles suffered from the VTC Defect described herein, they would not have purchased or leased the Class Vehicles or would have paid less for them.

98.     Defendants continued to conceal the defective nature of the Class Vehicles and their VTC Actuator even after Class Members began to report problems.  Indeed, Defendants continue to cover up and conceal the true nature of this systematic problem today.

99.     Defendants' omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of the UCL, in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.  Plaintiffs are informed and believe, and based thereon allege, that despite its knowledge of the VTC Defect, Honda rolled out the Class Vehicles without disclosing the problem to meet its own internal schedules and revenue goals.  The utility of this self-serving conduct, which only benefits Honda and serves no public good, is greatly outweighed by the gravity of the potential harm to consumers.  Plaintiffs also assert a violation of public policy

arising from Defendants' withholding of material safety facts from consumers. Defendants' violation of consumer protection and unfair competition laws resulted in harm to consumers.

100.    Defendants' omissions of material facts, as set forth herein, also constitute unlawful business acts or practices because they violate consumer protection laws, warranty laws and the common law as set forth herein.

101.    Thus, by its conduct, Defendants have engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

102.    Defendants' unfair and deceptive acts and practices occurred repeatedly in Defendants' trade or business and were capable of deceiving a substantial portion of the purchasing public.

103.    As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

104.    Defendants have been unjustly enriched and should be required to make restitution to Plaintiffs and Class Members pursuant to sections 17203 and 17204 of the Business & Professions Code.

### THIRD CAUSE OF ACTION

(Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1 *et seq.,* and Cal. Comm. Code §2314 on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

105.    Plaintiffs Mary Quackenbush and Gheri Suelen hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

106.    Plaintiffs Mary Quackenbush and Gheri Suelen bring this cause of action on behalf of themselves and the Nationwide Class, and alternatively, the California Sub-Class.

107.    Defendants were at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles. Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased.

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 3:20-cv-05599-JCS

108.     Defendants provided Plaintiffs and Class Members with an implied warranty that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles were and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffer from a VTC Defect that can make driving unreasonably dangerous.

109.     Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles' VTC Actuator designed, manufactured, supplied, distributed, and sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles' VTC Actuator would be fit for its intended use while the Class Vehicles were being operated.

110.     Contrary to the applicable implied warranties, the Class Vehicles' VTC Actuator, at the time of sale or lease and thereafter, was not fit for its ordinary and intended purpose of providing Plaintiffs and the other Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective, as described more fully above.

111.     Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code sections 1792 and 1791.1, and California Commercial Code section 2314.

**FOURTH CAUSE OF ACTION**
(Violations of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.*; on behalf of the Nationwide Class or, in the alternative, the Illinois Sub-Class)

112.     Plaintiffs Anne Pellettieri and Marissa Feeney hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

113.     Plaintiffs Anne Pellettieri and Marissa Feeney bring this cause of action on behalf of themselves and the Nationwide Class, and alternatively, the Illinois Sub-Class.

114.     Honda is a "person" within the meaning of 815 Ill. Comp. Stat. Ann. 505/1 (c).

115.    Plaintiffs are "consumers" within the meaning of 815 Ill. Comp. Stat. Ann. 505/1 (e).

116.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including, but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of trade or commerce … whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. Ann. 505/2.

117.    Defendants knew that the Class Vehicles' VTC Actuator suffered from an inherent defect, would fail prematurely and were not suitable for their intended use.

118.    In failing to disclose the VTC Defect, Defendants knowingly and intentionally concealed material facts and breached its duty not to do so, thereby engaging in a fraudulent business act or practice within the meaning of the Illinois CFA.

119.    Defendants were under a duty to Plaintiff and the other Class Members to disclose the defective nature of the Class Vehicles' VTC Actuator because:

a.  Defendants were in a superior position to know the true state of facts about the safety defect in the Class Vehicles' VTC Actuators;

b.  Defendants made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles' VTC Actuator; and

c.  Defendants actively concealed the defective nature of the Class Vehicles' VTC Actuators from Plaintiffs and Class Members at the time of sale and thereafter.

120.    The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material because a reasonable person would have considered them to be important in deciding whether or not to purchase or lease Defendants' Class Vehicles, or to pay less for them.  Had Plaintiffs and other Class Members known that the Class Vehicles

suffered from the VTC Defect described herein, they would not have purchased or leased the Class Vehicles or would have paid less for them.

121.    Defendants continued to conceal the defective nature of the Class Vehicles and their VTC Actuator even after Class Members began to report problems.  Indeed, Defendants continues to cover up and conceal the true nature of this systematic problem today.

122.    Defendants' omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of the Illinois CFA, in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.  Plaintiffs also assert a violation of public policy arising from Defendant's withholding of material safety facts from consumers.  Defendants' violation of consumer protection and unfair competition laws resulted in harm to consumers.

123.    Defendants' omissions of material facts, as set forth herein, also constitute unlawful business acts or practices because they violate consumer protection laws, warranty laws and the common law as set forth herein.

124.    Thus, by its conduct, Defendants have engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

125.    Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business and were capable of deceiving a substantial portion of the purchasing public.

126.    As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

127.    As a direct and proximate result of Defendants' deceptive acts or practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.  Since Defendants' willful and knowing conduct caused injury to Plaintiffs, Plaintiffs seeks recovery of actual damages, discretionary punitive damages, reasonable attorneys' fees and costs, and an order enjoining Defendants' deceptive conduct, and any other just and proper relief available under 815 ILCS 505/10a.

1

2

**FIFTH CAUSE OF ACTION**
(Breach of Implied Warranty 810 Ill. Comp. Stat. Ann § 5/2-314 on behalf of the
Nationwide Class or, in the alternative, the Illinois Sub-Class)

3

4

128.    Plaintiffs Anne Pellettieri and Marissa Feeney hereby incorporate by reference
the allegations contained in the preceding paragraphs of this Complaint.

5

6

129.    Plaintiffs Anne Pellettieri and Marissa Feeney bring this cause of action on
behalf of themselves and the Nationwide Class, and alternatively, the Illinois Sub-Class.

7

8

9

130.    Defendants were at all relevant times the manufacturer, distributor, warrantor,
and/or seller of the Class Vehicles.  Defendants knew or had reason to know of the specific
use for which the Class Vehicles were purchased.

10

11

12

13

14

131.    Defendants provided Plaintiffs and Class Members with an implied warranty
that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary
purposes for which they were sold.  However, the Class Vehicles were and are not fit for their
ordinary purpose of providing reasonably reliable and safe transportation because the Class
Vehicles suffer from a VTC Defect that can make driving unreasonably dangerous.

15

16

17

18

19

20

132.    Defendants impliedly warranted that the Class Vehicles were of merchantable
quality and fit for such use.  This implied warranty included, among other things: (i) a
warranty that the Class Vehicles' VTC Actuator designed, manufactured, supplied,
distributed, and sold by Defendants were safe and reliable for providing transportation; and
(ii) a warranty that the Class Vehicles' VTC Actuator would be fit for its intended use while
the Class Vehicles were being operated.

21

22

23

24

133.    Contrary to the applicable implied warranties, the Class Vehicles' VTC
Actuator, at the time of sale or lease and thereafter, was not fit for its ordinary and intended
purpose of providing Plaintiffs and the other Class Members with reliable, durable, and safe
transportation.  Instead, the Class Vehicles are defective, as described more fully above.

25

26

27

134.    Defendants' actions, as complained of herein, breached the implied warranty
that the Class Vehicles were of merchantable quality and fit for such use in violation of 810
Ill. Comp. Stat. Ann § 5/2-314.

28

**SIXTH CAUSE OF ACTION**

(Violation of Virginia's Consumer Protection Act VA. Code Ann §§ 59.1-196, *et. seq*. on behalf of the Nationwide Class or, in the alternative, the Virginia Sub - Class)

135.  Plaintiff Caryn Prasse hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

136.  Plaintiff Caryn Prasse brings this cause of action on behalf of herself and the Nationwide Class, and alternatively, the Virginia Sub-Class.

137.  Defendants are "supplier(s)" under Va. Code Ann. § 59.1-198.

138.  The sale of the Class Vehicles to Plaintiff was a "consumer transaction" within the meaning of Va. Code Ann. § 59.1-198.

139.  The Virginia Consumer Protection Act ("Virginia CPA") lists prohibited "practices" which include: "5. Misrepresenting that goods or services have certain characteristics;" "6. Misrepresenting that goods or services are of a particular standard, quality, grade style, or model;" "8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised;" "9. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" and "14. Using any other deceptive, fraud, or misrepresentation in connection with a consumer transaction."  Va. Code Ann.  § 59.1-200.  Defendants violated the Virginia CPA by misrepresenting that the Class Vehicles had certain quantities, characteristics, ingredients, uses, or benefits; misrepresenting that Defective Vehicles were of a particular standard, quality, grade, style, or model when they were another; advertising the Class Vehicles with intent not to sell them as advertised; and otherwise "using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

140.  By failing to disclose and concealing the defective nature of the Class Vehicles' VTC Actuators from Plaintiff and prospective Class Members, Defendants violated the Virginia CPA, as it represented that the Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard,

quality, or grade when they were of another, and advertised the Class Vehicles with the intent not to sell them as advertised.  *See* Va. Code Ann.  § 59.1-200.

141.    Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

142.    Defendants knew that the Class Vehicles' VTC Actuators suffered from an inherent defect, would fail prematurely and were not suitable for their intended use. .

143.    Defendants were under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles' VTC Actuators and/or the associated repair costs because:

144.    Defendants were under a duty to Plaintiff and the other Class Members to disclose the defective nature of the Class Vehicles' VTC Actuator because:

a.  Defendants were in a superior position to know the true state of facts about the safety defect in the Class Vehicles' VTC Actuators;

b.  Defendants made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles' VTC Actuators; and

c.  Defendant actively concealed the defective nature of the Class Vehicles' VTC Actuators from Plaintiff and Class Members at the time of sale and thereafter.

145.    By failing to disclose the VTC Defect, Defendants knowingly and intentionally concealed material facts and breached its duty not to do so.

146.    The facts concealed or not disclosed by Defendants to Plaintiff and the other Class Members are material because a reasonable person would have considered them to be important in deciding whether or not to purchase or lease Defendants' Class Vehicles, or to pay less for them.  Had Plaintiff and other Class Members known that the Class Vehicles suffered from the VTC Defect described herein, they would not have purchased or leased the Class Vehicles or would have paid less for them.

147.    Plaintiff and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a VTC Defect.  That is the reasonable and objective consumer expectation for vehicles and their VTC Actuators.

148.    As a result of Defendants' misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual damages in that the Class Vehicles and their VTC Actuators are defective and require repairs or replacement.

149.    As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff and the other Class Members have suffered and will continue to suffer actual damages.

150.    Accordingly, Plaintiff seeks an order enjoining the acts and practices described above, as well as punitive damages, and attorneys' fees and any other just and proper relief available under Va. Code Ann. § 59.1-204.

151.    Pursuant to Va. Code Ann. § 59.1-204, Plaintiff seeks monetary relief against Defendant measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $500 for each Plaintiff.  Since Defendants' willful and knowing conduct caused injury to Plaintiff, Plaintiff is entitled to recover, for each Plaintiff, the greater of (a) three times the actual damages or (b) $1,000.

## SEVENTH CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability Va. Code Ann. § 8.2-314 on behalf of the Nationwide Class or, in the alternative, the Virginia-Sub-Class)

152.    Plaintiff Caryn Prasse hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

153.    Plaintiff Caryn Prasse brings this cause of action on behalf of herself and the Nationwide Class, and alternatively, the Virginia Sub-Class.

154.    Defendants were at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles.  Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased.

155.    Defendants provided Plaintiffs and Class Members with an implied warranty that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles were and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffer from a VTC Defect that can make driving unreasonably dangerous.

156.    Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles' VTC Actuator designed, manufactured, supplied, distributed, and sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles' VTC Actuator would be fit for its intended use while the Class Vehicles were being operated.

157.    Contrary to the applicable implied warranties, the Class Vehicles' VTC Actuator, at the time of sale or lease and thereafter, was not fit for its ordinary and intended purpose of providing Plaintiffs and the other Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective, as described more fully above.

158.    Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314.

## EIGHTH CAUSE OF ACTION

**(Fraudulent Omission on behalf of the Nationwide Class or, in the alternative, the California Illinois and Virginia Sub-Classes)**

159.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

160.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class, and alternatively, the California, Illinois, and Virginia Sub-Classes.

161.    Defendants knew that the Class Vehicles' VTC Actuator was defectively designed and/or manufactured, would fail, and was not suitable for its intended use.

162.   Defendants concealed from and failed to disclose to Plaintiffs and Class Members the defective nature of the Class Vehicles and their VTC Actuator.

163.   Defendants were under a duty to Plaintiffs and Class Members to disclose the defective nature of the Class Vehicles' VTC Actuator because:

    a.   Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' VTC Actuator;

    b.   Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their VTC Actuator has a dangerous safety defect until after they purchased the Class Vehicles;

    c.   Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn about or discover the VTC Defect; and

    d.   Defendants actively concealed the defective nature of the Class Vehicles' VTC Actuator from Plaintiffs and Class Members at the time of sale and thereafter.

164.   The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Defendants' Class Vehicles or pay less for them.  Had Plaintiffs and Class Members known about the defective nature of the Class Vehicles' VTC Actuator, they would not have purchased or leased the Class Vehicles, or would have paid less for them.

165.   Defendants concealed or failed to disclose the true nature of the design and/or manufacturing defects contained in the Class Vehicles' VTC Actuator in order to induce Plaintiffs and Class Members to act thereon.  Plaintiffs and the other Class Members justifiably relied on Defendants' omissions to their detriment. This detriment is evident from Plaintiffs' and Class Members' purchase or lease of Defendants' defective Class Vehicles.

166.   Defendants continued to conceal the defective nature of the Class Vehicles' VTC Actuator even after Class Members began to report the problems. Indeed, Defendants continue to cover up and conceal the true nature of the problem today.

167.     As a direct and proximate result of Defendants' misconduct, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

## **RELIEF REQUESTED**

168.     Plaintiffs, on behalf of themselves and all others similarly situated, request the Court to enter judgment against Defendants, and issue an order providing the following relief:

a.  That Defendants provide notice, in a form pre-approved by the counsel identified below, to all current owners or lessees of the Class Vehicles in the United States and in the said notice offer to replace the defective VTC Actuator and any related component parts contained in every Class Vehicle with a non-defective VTC Actuator and component parts;

b.  That Defendants provide notice, in a form pre-approved by the counsel identified below, to all current and subsequent owners and lessees of the Class Vehicles in the United States and in the said notice extend the warranty for all of the Class Vehicles' parts, components or systems that constitute the VTC Actuator, or that bear upon or are impacted by the VTC Defect, applicable to both original and subsequent purchasers of every Class Vehicle in the United States, including California, Illinois and Virginia;

c.  That Defendants offer to reimburse all current and former owners and lessees in the United States who have purchased or leased the Class Vehicles, all expenses already incurred as a result of the VTC Defect, including repairs, diagnostics, and any other consequential and incidental damages (*e.g.* towing charges, vehicle rentals, etc.);

d.  That Defendants immediately cease the sale and lease of the Class Vehicles at all authorized Honda dealerships in the United States without first notifying the purchasers of the VTC Defect, and otherwise immediately cease to engage in the violations of law as set forth above;

e.  Damages and restitution in an amount to be proven at trial;

f.   An order certifying the proposed Class and Sub-Classes, designating Plaintiffs as named representatives of the Classes, and designating the undersigned as Class Counsel;

g.   A declaration that Defendants are financially responsible for notifying all Class Members about the defective nature of the Class Vehicles' VTC Actuator

h.   Provide any and all remedies provided pursuant to the UCL, CLRA, Virginia CPA, Illinois CFA, the implied warranty laws of California, Illinois and Virginia, and the common law fraud laws of California, Illinois and Virginia;

i.   An award to Plaintiffs and the Classes of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

j.   A declaration that Defendants must disgorge, for the benefit of the Classes, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, and/or make full restitution to Plaintiffs and Class Members;

k.   An award of attorneys' fees and costs, as allowed by law;

l.   An award of attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5 and any other appropriate law;

m.  An award of pre-judgment and post-judgment interest, as provided by law;

n.   Leave to amend the Complaint to conform to the evidence produced at trial; and

o.   Such other relief as may be appropriate under the circumstances.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury.

Dated November 13, 2020

**GREENSTONE LAW APC**

By:  *s/ Mark S. Greenstone*

Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

FIRST AMENDED CLASS ACTION COMPLAINT     Case No. 3:20-cv-05599-JCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Marc L. Godino
Danielle L. Manning
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lglancy@glancylaw.com
Email: mgodino@glancylaw.com
Email: dmanning@glancylaw.com

*Attorneys for Plaintiffs*

56

## <u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On November 13, 2020 I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 13, 2020, at Los Angeles, California.

*s/ Mark S. Greenstone*
Mark S. Greenstone
