UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY QUACKENBUSH, GHERI SUELEN, ANNE PELLETTIERI, MARISSA FEENEY, and CARYN PRASSE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD.

    Defendants.

No. C 20-05599 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

In connection with a motion for class certification, plaintiffs have moved to file under seal certain exhibits and portions of their briefing. Defendants have moved to do the same (Dkt. Nos. 67, 82, 99, 109). Because the underlying motion for class certification was more than tangentially related to the merits of the case, compelling reasons are required to warrant sealing. *See* Civil L.R. 7-11, 79-5(e); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).[1]

---

[1] Our new Civil Local Rules became effective on November 1, 2021. The class certification motion was filed October 1, 2021 (Dkt. No. 68). The opposition brief was filed October 29, 2021 (Dkt. No. 83). A correction to the sealing request was filed November 2, 2021 (Dkt. No. 91). The reply brief was filed November 19, 2021 (Dkt. No. 100). Defendants' responsive filings in

The declarations in support of plaintiffs' motion to seal state that the documents or portions thereof listed in the table below have been designated as confidential or highly confidential pursuant to the parties' protective order. Defense counsel timely filed supportive affidavits. They generally argue for sealing on the grounds of competition.

As our record contained substantial duplication of information from multiple sources, sealing may be denied as to certain documents that the order did not cite. Sealing is nonetheless denied only for the most important information central to the orders' decision-making. Except to the extent stated below, the requests to seal are **DENIED**.

With respect to Exhibit 11 of the declaration of William Delgado, the motion to seal is **DENIED** without prejudice to defendants filing within **SEVEN DAYS** proposed, limited redactions that comport with the remainder of this order. As to the remaining documents, revised materials shall be filed within **TWENTY-ONE DAYS** of this order.

| DOCUMENT SOUGHT TO BE SEALED IN WHOLE OR IN PART | RULING | PORTION TO BE SEALED |
|---|---|---|
| **Administrative Motion to File Under Seal filed by Marissa Feeney, Anne Pellettieri, Caryn Prasse, Mary Quackenbush, Gheri Suelen (Dkt. No. 67).** | | |
| Plaintiffs' Memorandum in Support of Motion for Class Certification. | **GRANTED IN PART** for the reasons stated below. | Only the highlighted portions corresponding to materials otherwise permitted to be sealed herein. |
| Greenstone Decl. | **GRANTED**. | 4:25–26 |
| Greenstone Decl. Exhs. B, C, D, E, F, I, J, K, L, M, N, O, P, Q, R, S, and T. | **GRANTED**. For class certification purposes, the exhibits contained greater detail than was needed to reach the ruling. At a later stage of proceedings, this calculus may change. | Exhs. B, C, D, E, F, I, J, K, L, M, N, O, P, Q, R, S, and T to the Greenstone declaration. |
| Report of Michael D. Stapleford. | **DENIED IN PART**. Though the report relied on and | 5:1–13, 5:17–19, 6:15–8:28, 27:23–24, 31–34:17 |

---

support were, when necessary, filed timely under the rule applicable when each motion was filed. In the interest of clarity, this order has assessed the merits of the sealing requests related to class certification under the standards set forth under the old version of the local rule, since it applied on the filing date of the motion for class certification.

| | | |
|---|---|---|
| | summarized the Greenstone Declaration Exhibits (immediately above), this order denies sealing as to the portions that synthesized core issues, including the function of the VTC actuator, countermeasures, and possible safety issues. This does not outweigh the public's compelling interest. | |
| Stapleford Report Exhs. C, D, and E. | **GRANTED IN PART**. The Gibson declaration only calls out customer private identifying information and "proprietary diagnostic codes" (Gibson Decl. ¶ 12). | Only customers' phone numbers, names, addresses, or other identifying information may be redacted. Additionally, only the exact digits or alphanumeric diagnostic codes may be redacted. |
| Report of Steven Boyles. | **GRANTED IN PART**. For class certification purposes, the report contained greater detail on damages was needed to reach the ruling. At a later stage of proceedings, this calculus may change. | 4:1–3 and n.2, 4:9–18, 7:18–8:11, 8:13–14, and n. 14, and 10:13–11:8. |
| Boyles Report Exh. B. | **GRANTED**. | Entire Document. |

| | | |
|---|---|---|
| **Administrative Motion to File Under Seal filed by American Honda Motor Company, Inc., Honda Motor Company, Ltd. (Dkt. No. 82).** | | |
| Opposition to Motion for Class Certification. | **GRANTED IN PART**. | Only the highlighted portions corresponding to materials otherwise permitted to be sealed herein *except*, to the extent sealing was granted with respect to pages 1, 7, 9, 10, 12:1–21, the motion to seal is **DENIED**. |
| Motion to Exclude Stapleford Declaration. | **GRANTED IN PART**. | Only the highlighted portions corresponding to materials otherwise permitted to be sealed herein. |

| | | |
|---|---|---|
| Gibson Opp. Decl. | **GRANTED IN PART**. For class certification purposes, the report contained greater detail than was needed to reach the ruling than do the associated exhibits. At a later stage of proceedings, this calculus may change. | 8:9–11 and the QIS numbers. |
| Gibson Opp. Decl. Exhs. 4 and 5. | **GRANTED**. | Entire document. |
| Delgado Opp. Decl. | **GRANTED IN PART**. | Highlighted portion *excluding* "warranty data entries." |
| Delgado Opp. Decl. Exh. 6. | **GRANTED IN PART**. The portions of the deposition in which sealing is denied relate directly to the existence of a common defect in all class vehicles and to the purported existence of safety-related defect. Defendants object that the descriptions concern confidential processes and confidential business decisions (*see generally* Dkt. No. 91-1 at ¶¶ 14–17). Again, other materials detailing some of the same information contained greater detail than was needed to reach the ruling than do the associated exhibits. At a later stage of proceedings, this calculus may change. | Highlighted portions of Exhibit 6 *not including* 14:18–15:3; 20:17–21:20; 35:2–3; 46:13–18; 99:21–23; 119:22–120:17; 122:14–24; 124:12–18; 141:22–143:16; 144:21–145:3–24; 146:2–6. |
| Delgado Opp. Decl. Exh. 11. | **DENIED**. Exhibit 11 was filed without redactions. The request to seal the entire exhibit is overbroad. | |
| Taylor Report Exh. 1. | **GRANTED IN PART**. Again, other materials presented some of the same information with less detail than this document. This document sometimes contained greater detail | Highlighted portions *except* Figs. 2, 3, 6; ¶ 55; ¶ 56. |

| | | |
|---|---|---|
| | than was needed to reach the ruling. At a later stage of proceedings, this calculus may change. | |
| Strombom Report. | **DENIED.** This request seeks sealing of "Exhibit 3 to the Declaration of Bruce Strombom, including the highlighted portions of Paragraphs 38 and 44)." This order interprets the request to seek sealing of only the highlighted portions, which are also shown as redacted in Dkt. No. 86-1. | |

| **Administrative Motion to File Under Seal Defendants Material Cited Or Referenced In Plaintiffs Reply In Support of Plaintiffs' Motion For Class Certification And Plaintiffs' Opposition to Defendants' Motion to Exclude, filed by Marissa Feeney, Anne Pellettieri, Caryn Prasse, Mary Quackenbush, Gheri Suelen (Dkt. No. 99).** | | |
|---|---|---|
| Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification. | **GRANTED IN PART.** | Only the highlighted portions corresponding to materials otherwise permitted to be sealed herein. |
| Plaintiffs' Opposition to Motion to Exclude Declaration of Plaintiffs' Expert Michael Stapleford. | **GRANTED IN PART.** | Only the highlighted portions corresponding to materials otherwise permitted to be sealed herein *except* 4:7–8. |
| Greenstone Decl. Exh. V. | **DENIED** as overbroad. Mr. Arst's testimony goes directly to the existence of common proof for various elements. Notwithstanding defendants' objections, this material was essential to the merits decision (Dkt. No. 106-1). | |
| Greenstone Decl. Exh. W. | **GRANTED**. Again, this document contained greater detail than was needed to reach the ruling than do other documents stating some of the same | Entire document. |

5

|  | information. Later, the calculus may change. |  |
|---|---|---|
| Greenstone Decl. Exh. AA. | **GRANTED**. Again, this document contained greater detail than was needed to reach the ruling than do other documents stating some of the same information. Later, the calculus may change. | Entire document. |
| Stapleford Decl. Exh. A. | **GRANTED** *except* as to any portion cited in the orders regarding class certification. | Highlighted portions *except* as to any cited in the orders regarding class certification. |

| **Administrative Motion to File Under Seal filed by American Honda Motor Company, Inc., Honda Motor Company, Ltd. (Dkt. No. 109).** | | |
|---|---|---|
| Delgado Decl. Reply In Support of Motion to Exclude Stapleford Report Exh. 17. | **GRANTED**. | Highlighted portions. |
| Delgado Decl. Reply In Support of Motion to Exclude Stapleford Report Exh. 18. | **DENIED** for the reasons stated above about Mr. Arst's testimony. | Highlighted portions. |
| Defendant's Reply Brief in Support of Motion to Exclude Stapleford Report. | **DENIED** for the reasons stated above. | |

**IT IS SO ORDERED.**

Dated: May 27, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6