UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY QUACKENBUSH, MARISSA FEENEY, and ANNE PELLETTIERI, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD., a Japanese Corporation,

Defendants.

No. Civ 20-05599 WHA

**ORDER RE PLAINTIFFS' RESPONSE ON CLASS NOTICE AND OMNIBUS ORDER RE MOTIONS TO SEAL**

The undersigned has read plaintiffs' response regarding an updated class notice, and defers to counsel's representation that further notice is unnecessary (Dkt. No. 287). As such, *American Pipe* notice will not be required.

As part of that foregoing response, plaintiffs' counsel filed class notice and exclusion lists. These are Exhibits B and C to the Schwartz Declaration, and plaintiffs seek to seal those exhibits in their entirety, which contain the names and addresses of class members (Dkt. No. 286). Plaintiffs' administrative motion to seal the class and exclusion lists is **GRANTED**.

In connection with a motion for summary judgment, defendants have moved to file under seal certain exhibits and portions of both their own and plaintiffs' opposition briefing (Dkt. Nos. 207, 226, 229). Plaintiffs have moved to do the same (Dkt. No. 222). There is a strong public policy in favor of openness in our court system and the public is entitled to know to

whom we are providing relief (or not).  *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Accordingly, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

| DOCUMENT SOUGHT TO BE SEALED | RULING | PORTION TO BE SEALED |
|---|---|---|
| **Administrative Motion to File Under Seal filed by Defendants re: Motion for Summary Judgment (Dkt. No. 207).** | | |
| Defendants' Motion for Summary Judgment (Dkt. No. 207-4). | **DENIED**. Honda seeks to seal the estimated rates of a VTC rattle from each side's expert.  That is an issue that goes to the heart of this action, so there is a particularly strong public interest.  Honda asserts that public disclosure "would unfairly permit competitors to capitalize on Defendants' resources at no expense or a fraction of the expense incurred by Defendants" (Mot. 3).  That may be true regarding the details and technical data underlying the warranty analysis, but it does not apply to high-level summaries of conclusions drawn from that analysis, particularly when those conclusions are opposed by each other and dispositive on summary judgment. | |
| Delgado Decl. Exh. 3 (Dkt. No. 207-6). | **GRANTED**.  The redactions sought are portions of the failure rate analysis report that contain granular calculations on projections and some customer research data, while that data is summarized elsewhere in unredacted portions of the report. | Highlighted portions. |
| Delgado Decl. Exh. 4 (Dkt. No. 207-8). | **GRANTED**.  Redaction for personal address only. | Highlighted portion. |
| Delgado Decl. Exh. 5 (Dkt. No. 207-10). | **GRANTED**.  Redaction for personal address only. | Highlighted portions. |

2

| **Administrative Motion to File Under Seal filed by Plaintiffs re: Opposition to Summary Judgment (Dkt. No. 222).** | | |
|---|---|---|
| Plaintiffs' Opposition to Summary Judgment (Dkt. No. 222-3). | **DENIED**. Estimated failure rates were essential to the merits decision. *See entry for Dkt. No. 207-4*. Plaintiffs also seek to seal excerpts of customer inquiry call logs on the basis that such conversations "include personal identifying information" (Mot. 1). These excerpts do not, and in fact the logs themselves already contain such redactions. The call logs are specific instances of representations by Honda regarding the VTC rattle issue, already summarized and alleged throughout this litigation. Finally, Honda omits this same redaction in their corresponding motion to seal below. | |
| Greenstone Decl. Exh. C (Dkt. No. 222-5). | **DENIED WITHOUT PREJUDICE**. This request seeks to seal all call logs wholesale. Again, the excerpts already redact personal identifying information, and in any event is overbroad. Within **FOURTEEN DAYS** of the filing of this order, either party may submit a revised request with targeted redactions of any information that may be identifying of individual customers. | |
| **Administrative Motion to File Under Seal filed by Defendants re: Opposition to Summary Judgment (Dkt. No. 226).** | | |
| Plaintiffs' Opposition to Summary Judgment (Dkt. No. 226-4). | **DENIED**. *See entry for Dkt. No. 222-3*. Honda does not seek to seal the call log excerpts (Gibson Decl. ¶ 7). | |
| Greenstone Decl. Exh. C (Dkt. No. 226-6). | **DENIED WITHOUT PREJUDICE**. *See entry for Dkt. No. 222-5*. Defendants assert that the customer inquiry call logs are sensitive because they relate to Defendants' "proprietary customer retention system and warranty data and analyses," which if disclosed could cause competitive harm (Mot. 3). No explanation is given for how call logs provide any such insight, nor how the call logs can contain warranty data and analysis. Within | |

| | **FOURTEEN DAYS** of the filing of this order, either party may submit a revised request with targeted redactions of any information that may be identifying of individual customers. | |
|---|---|---|
| **Administrative Motion to File Under Seal filed by Defendants re: Summary Judgment Reply (Dkt. No. 229).** | | |
| Defendants' Summary Judgment Reply (Dkt. No. 229-3). | **GRANTED IN PART** and **DENIED IN PART**. Defendants claim that "confidential sales figures for specific vehicles for specific time periods and locations" can be harmful to competition (Mot. 3). This order agrees to the extent exact figures are cited, but declines to extend that reasoning to non-exact figures and generalized summary descriptions. The foregoing applies to warranty repair costs as well. However, those considerations are outweighed by salience to this action and thus public interest for estimated warranty rates. *See entry for Dkt. No. 207-4*. | 10:26, 11:17 |

The parties have also moved to seal various documents regarding two separate postponements of trial, both as a result of unforeseen medical events (Dkt. Nos. 262, 265, 280). The redactions sought are discussions of those medical conditions and their impact on the trial schedule. They are of limited relevance to the merits of this action, and furthermore implicate the privacy of individuals' medical histories that do not warrant public scrutiny, so there is good cause to seal. The motions to seal are **GRANTED** as described in the corresponding proposed orders (Dkt. Nos. 262-4, 265-4, 280-1).

Revised materials shall be filed within **TWENTY-ONE DAYS** of this order.

**IT IS SO ORDERED.**

Dated: July 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4