United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY QUACKENBUSH, MARISSA
FEENEY, and ANNE PELLETTIERI, on
behalf of themselves and all others similarly
situated,

          Plaintiffs,

    v.

AMERICAN HONDA MOTOR
COMPANY, INC., and HONDA MOTOR
COMPANY, LTD., a Japanese Corporation,

      Defendants.

No.  C 20-05599 WHA

**FINAL PRETRIAL ORDER**

      For good cause, and after a final pretrial conference, the following constitutes the final pretrial order and includes rulings on the motions *in limine* made during the final pretrial conference:

1.    This case will go to **TRIAL** on **TUESDAY, AUGUST 22, 2023,** starting at **7:30 A.M.** each day and running until **1:00 P.M.** each day.  Jury selection took place today, **WEDNESDAY, AUGUST 9, 2023**.

2.    Rulings on the motions *in limine* and other rulings made during the final pretrial conference are summarized below.  Rulings on other evidentiary objections will be taken up in turn as the parties seek to introduce evidence at trial.

United States District Court
Northern District of California

3.   A jury of eight persons shall be used.  No one will be prevented from serving due to their vaccination status.

4.   Each side will have six hours of evidence time, including both direct and cross, and redirect and recross.  This does not include the thirty minutes each side will have for its opening statement.  The time limit for closing statements will be set at a later date.

5.   Issues concerning jury instructions will be addressed at a later time during a charging conference.

6.   All claims and defenses on behalf of both certified classes—the California Repair Class and the Illinois Repair Class—shall be tried.

7.   At the final pretrial conference, both sides agreed that there shall be no contacting a witness during cross-examination, both during a break and overnight.  The parties were asked to provide a one-page statement so stipulating, but no statement has been filed.  As such, this order **FINALIZES** that agreement.

8.   With respect to defendants' first motion *in limine*, defendants moved to preclude plaintiffs from offering any evidence or argument relating to statements made by vehicle owners or third-party dealership service departments in various repair and service records (Dkt. No. 295).  As ruled on the record at the final pretrial conference, defendants' first motion *in limine* is **DENIED WITHOUT PREJUDICE** for being far too broad.  Defendants may object, on an item-by-item basis, as such evidence is presented at trial.

9.   Defendants withdrew their second motion *in limine* due to the submission of a joint stipulation on damages (Dkt. No. 292).  As ruled on the record at the *in limine* proceedings before jury selection on August 9, 2022, the parties' damages stipulation is **GRANTED**.

10.  With respect to defendants' third motion *in limine*, defendants moved to preclude plaintiffs' expert Michael Stapleford from testifying as to vehicle parts taken from the vehicles of Thomas Francis and Jameson Jauken (Dkt. No. 297).  As ruled on the record at the final pretrial conference, defendants' third motion *in limine* is **DENIED**.  Defendants' arguments regarding chain of custody go to weight, not admissibility.

11. With respect to plaintiffs' first motion *in limine*, plaintiffs moved to preclude defendants from suggesting that this action is "lawyer driven" and discussing circumstances surrounding retention of counsel (Dkt. No. 301). As ruled on the record at the final pretrial conference, plaintiffs' first motion *in limine* is **DENIED**.

12. With respect to plaintiffs' second motion *in limine*, plaintiffs moved to exclude defendants' expert Paul Taylor for failing to meet the evidentiary requirements of an expert witness (Dkt. No. 302). At the final pretrial conference, defendants were unable to provide an answer as to how many times Dr. Taylor has used the National Highway Traffic Safety Administration (NHTSA) database. As stated on the record, plaintiffs' second motion *in limine* was thus held in abeyance. Dr. Taylor has since filed a declaration stating that he has "performed queries and analyzed corresponding data from the NHTSA VOQ database several dozen times in the manner I did so in this action" (Dkt. No. 316). As such, plaintiffs' second motion *in limine* is **DENIED WITHOUT PREJUDICE**, and plaintiffs may object to Dr. Taylor's testimony at trial.

**IT IS SO ORDERED.**

Dated:  August 18, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California